**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ralph J. KORANSKY, Attorney–Respondent.**

**No. 91SA394.**

Supreme Court of Colorado, En Banc.

Feb. 10, 1992.

No exceptions were ever filed, however.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for Complainant.

No appearance by atty.-respondent.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee unanimously approved the findings and recommendation of the hearing board that the respondent be disbarred and assessed the costs of the proceeding. The respondent defaulted before the grievance committee and has not appeared in this court. We accept the panel's recommendation.

I

The respondent was admitted to the bar of this court on May 22, 1978, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). On December 20, 1990, we suspended the respondent from the practice of law pending further order of the court, because of the allegations of misconduct which are the subject of this proceeding. *See* C.R.C.P. 241.8. Two separate formal complaints filed by the assistant disciplinary counsel against the respondent were consolidated by order of the hearing board. Because the respondent did not appear and did not answer the complaints, an order of default was entered and the allegations of fact in the complaints were deemed admitted. *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the complaints were established by clear and convincing evidence.

The first complaint, No. GC90B–86, contained two counts. The respondent was hired by Lois Snider and her husband on April 18, 1985, to pursue a claim against a contractor, John McLaury. The trial date was vacated, however, when the contractor filed for bankruptcy. The respondent failed to advise the district court of the status of the case as ordered, and the case was dismissed without prejudice. The respondent then filed an adversary complaint in the bankruptcy court alleging that the contractor's debt to the Sniders was nondischargeable due to fraud. A minute order of the bankruptcy court for the week that trial was set on the adversary complaint reflected that the parties had reached a settlement, and the respondent was directed to prepare an order and stipulation within two weeks. The bankruptcy court dismissed the adversary complaint eleven months later because of the failure of the respondent to prepare the order and stipulation as directed.

About a week following the dismissal, the respondent prepared a written settlement agreement for the contractor and his attorney to sign. The agreement, which was contrary to the directions of the respondent's clients, required the contractor to pay the Sniders $8,500. The contractor's attorney sent $8,500 to the respondent, who then forwarded the money to the Sniders. A few days later, on October 27, 1989, the respondent sent the Sniders a

modified settlement agreement which purported to require the contractor to pay the Sniders a total of $19,000. The first $8,500 was to be paid immediately, and the balance would be paid in two installments of $5,250 which were due within 90 and 180 days, respectively. When the Sniders did not receive the second payment, the respondent falsely represented to them that he was taking steps to collect the unpaid balance from the contractor. On July 11, 1990, the Sniders received a personal check from the respondent, marked "McLaury settlement," in the amount of $10,500. The check was deposited but was returned because of insufficient funds. Despite several presentments the check remains unpaid.

The hearing board found, and we agree, that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship).

With respect to the second count of complaint No. GC90B–86, the board found that the respondent had failed to answer the request for investigation and had failed to keep scheduled appointments with the investigative counsel, contrary to C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties, constitutes ground for lawyer discipline).

The complaint in No. GC90B–89 contained five counts of misconduct. Counts I and II arose from the respondent's employment to represent his clients in a franchise dispute with Jamco, Ltd. On February 21, 1990, the respondent's clients sent $7,500 to the respondent to forward to Jamco. On February 22, the respondent deposited the $7,500 into his personal bank account and converted the funds to his own use. After repeated inquiries from Jamco, the respondent issued a check to Jamco, drawn on the "Ralph J. Koransky Client Trust Account." The account contained insufficient funds to cover the check. After a further delay of three months, the respondent refunded the $7,500 to his clients. The board concluded that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 9–102(A) (all funds of clients paid to the lawyer shall be deposited in one or more identifiable interest-bearing depository accounts maintained in the state in which the law office is located). Further, the respondent misrepresented to the office of the disciplinary counsel that he had deposited the $7,500 into a client trust account rather than his personal account. This misrepresentation violated DR 1–102(A)(4).

As charged in counts III and IV of the second complaint, the respondent wrote numerous checks on two client trust accounts and on his personal account which were returned for insufficient funds, contrary to DR 1–102(A)(4), DR 1–102(A)(6), and DR 9–102(A). Finally, the respondent failed to comply with the requests of the office of disciplinary counsel to furnish bank records and to have his accountant explain the respondent's various bank accounts, and these failures violated C.R.C.P. 241.6(7).

## II

The hearing panel approved the board's recommendation that the respondent be disbarred. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating circumstances, "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." *ABA Standards* 4.11. "Thievery and deception on the part of a lawyer corrupt and betray the relationships between lawyer and client and between the legal profession and the

public. Thus, disbarment of the dishonest lawyer is usually appropriate." *People v. Margolin,* 820 P.2d 347, 349 (Colo.1991); *see also People v. Grossenbach,* 814 P.2d 810 (Colo.1991) (conversion of client funds and knowing deception of clients warrants disbarment).

The respondent wholly defaulted below and in this court and we find that there are insufficient mitigating circumstances to call for a sanction short of disbarment.

### III

Accordingly, it is hereby ordered that Ralph J. Koransky be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is further ordered that Koransky pay the costs of this proceeding in the amount of $204.55 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.