The PEOPLE of the State of Colorado, Complainant,

v.

Ralph J. KORANSKY, Attorney–Respondent.

No. 92SA26.

Supreme Court of Colorado, En Banc.

May 18, 1992.

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance by attorney-respondent.

PER CURIAM.

We disbarred the respondent who is the subject of this attorney disciplinary proceeding on February 10, 1992. *People v. Koransky*, 824 P.2d 819 (Colo.1992). After the order of disbarment was entered, this independent disciplinary proceeding was submitted to the court. A hearing panel of the Supreme Court Grievance Committee unanimously approved the findings and recommendation of the hearing board that the respondent be suspended for 180 days, pay restitution, and be assessed the costs of the proceeding. The respondent defaulted before the grievance committee and has not appeared in this court. We approve the findings of the hearing board and hearing panel, and order that the respondent pay restitution and costs as set forth in the report of the hearing panel. We do not reach the issue of the appropriate disciplinary sanction because of the previous order of disbarment.

I

■ The respondent was admitted to the bar of this court on May 22, 1978. Even though the respondent was disbarred on February 10, 1992, he remains subject to the jurisdiction of this court and its grievance committee for his failure to comply with the Code of Professional Responsibility while practicing law as an officer of this court. *People v. Richards*, 748 P.2d 341, 343–44 (Colo.1987); C.R.C.P. 241.1(b). The formal complaint filed by the assistant disciplinary counsel contained three counts. Because the respondent did not appear and did not answer the complaints, an order of default was entered and the allegations of fact in the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the complaints were established by clear and convincing evidence.

■ On June 21, 1988, the respondent borrowed $50,000 from Harold Rubenstein and signed a promissory note, with interest at the rate of 11%. The respondent did not pay the note when due, and he confessed judgment on the promissory note in Denver District Court in an amount exceeding $58,000. The respondent's check in the amount of the judgment was returned for insufficient funds. In proceedings to enforce the judgment, the respondent failed to appear for a deposition, failed to provide documents requested by subpoena duces tecum, failed to appear at an examination pursuant to C.R.C.P. 69, and was adjudged to be in contempt of court. The unpaid balance of the judgment is $38,210. As the board found, the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

In a second matter, the respondent's bank records show that he wrote fourteen insufficient fund checks between April and December 1989, contrary to DR 1–102(A)(6). Finally, the respondent failed to reply to numerous requests for investigation regarding the foregoing matters, in violation of C.R.C.P. 241.6(7).

II

We approve the findings of the board and the panel and order that, prior to any petition for readmission, and as a condition for readmission, Ralph J. Koransky pay Rubenstein $38,210, plus statutory interest from October 7, 1989, until paid. It is further ordered that Koransky pay the costs of this proceeding in the amount of $193.71 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.