**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ralph J. KORANSKY, Respondent.**

**No. 91SA394.**

Supreme Court of Colorado, En Banc.

Jan. 11, 1993.

Linda Donnelly, Disciplinary Counsel, L. Michael Henry, Chief Investigative Counsel, Denver, for complainant.

Ralph J. Koransky, pro se.

PER CURIAM.

The Office of Disciplinary Counsel petitioned this court to issue a contempt citation to the respondent to show cause why he should not be held in contempt of this court for violating our previous order disbarring him effective February 10, 1992. *See People v. Koransky,* 824 P.2d 819 (Colo.1992). On October 22, 1992, we issued an order and a citation to the respondent to show cause why he should not be held in contempt. After considering the respondent's response to the citation and order to show cause, and the complainant's reply to that response, we conclude that the respondent violated the order disbarring him and is therefore in contempt of this court.

I

In *Koransky,* 824 P.2d at 823, we "ordered that Ralph J. Koransky be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion." The opinion was issued February 10, 1992. On October 13, 1992, the disciplinary counsel and chief investigative counsel filed a petition alleging that in July 1992, several months after the order of disbarment, the respondent agreed to perform certain legal services for a former client, John S. Ray. The petition also asserted that the respondent took payment in the amount of $525 from Ray for the drafting of legal documents. In his response to this court's order and citation to show cause, the respondent stated:

1. Respondent does not dispute or disagree with any of the essential and material allegations set forth by the Complainant.

2. While Respondent could offer some mitigating excuses, none would diminish the fact that Respondent did violate the Order of this Honorable Court, and, as a result agrees that he should be punished.

3. Respondent does apologize to this Honorable Court for this disrespectful behavior, and requests that any punishment ordered by this Court provide for the restitution of the Complaining Witness.

Based upon the foregoing response, we deem the allegations in the petition for contempt confessed and admitted, and we adjudge the respondent in contempt of this court. Because of the respondent's cooperative attitude during the contempt proceedings we decline to impose a sentence of imprisonment. Should the respondent again be adjudged in contempt of this court, however, we will impose a severe sanction in order to protect the public and to impress upon the respondent the seriousness of his misconduct. *See Unauthorized Practice of Law Comm. v. Prog,* 761 P.2d 1111, 1116 (Colo.1988).

II

Accordingly, we make the rule to show cause absolute and adjudge Ralph J. Koransky in contempt for violating the order of this court disbarring him on February 10, 1992. It is ordered that the respondent pay restitution to John S. Ray in the amount of $525, plus statutory interest from July 21, 1992, until paid, within ninety days after the issuance of this opinion.