**The PEOPLE of the State of Colorado, Complainant,**

v.

**William John FRITSCHE, III, Attorney–Respondent.**

**No. 92SA450.**

Supreme Court of Colorado, En Banc.

March 22, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

William John Fritsche, III, pro se.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board in this attorney disciplinary proceeding. The panel and board recommended that the respondent be suspended from the practice of law for thirty days, be required to return unearned attorney's fees, and be assessed costs. We accept the recommendations.

## I.

The respondent was admitted to the bar of this court on August 15, 1977, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent did not answer the complaint in a timely manner, and the allegations of fact contained in the complaint were deemed admitted because of the entry of a default.[1] C.R.C.P.

---

1. The order of default was entered by the hearing board on June 8, 1992. On July 20, 1992, the respondent moved to set the default aside, but the board denied the motion, concluding that the respondent had not established that his failure to answer was the result of mistake, inadvertence, surprise, or excusable neglect. *See* C.R.C.P. 241.13(b). The respondent has not

241.13(b); *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the complaint, and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

In September or October 1989, Jeanette Watkins paid the respondent $200 to represent Paul Lutz in a federal civil action alleging civil rights violations. The respondent met with Lutz at the Fremont Correctional Facility in February 1990, and Lutz gave the respondent certain documents to review. After reviewing the documents, the respondent agreed to represent Lutz, and, at the respondent's request, Watkins paid him an additional $500 to continue work on the case. In February 1990, the respondent filed an entry of appearance and motion to amend Lutz's pro se complaint in the United States District Court for the District of Colorado. Within the following three months, Watkins paid the respondent an additional $800, resulting in a total of $1,500 in attorney's fees.

The respondent moved from Basalt, Colorado, to the Denver area in April 1990. He failed to notify the court in which the Lutz matter was pending of his move, and did not inform Watkins or Lutz of his new address and telephone number. In May 1990, after Watkins had been unable to locate the respondent, Lutz sent letters to the respondent at his Basalt address requesting the return of his documents. The respondent did not receive any correspondence from Lutz because he failed to file the appropriate change of address form with the United States Postal Service.

The federal district court dismissed Lutz's civil rights action without prejudice on July 8, 1990. The dismissal order noted that the court had attempted to contact the respondent without success and had discovered that his telephone number had been disconnected. When Lutz received a copy of the order of dismissal, he again unsuccessfully attempted to contact the respondent. The federal district court denied Lutz's request for an extension of time in

excepted to the hearing board's action in this

which to file objections to the dismissal order.

The respondent did not return Lutz's documents until May 1991, and, although asked to do so, he failed to provide Watkins an accounting with respect to the fees he had charged. The respondent also did not return $300 in attorney's fees he acknowledged were unearned.

As the hearing board concluded, the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 9–102(B)(3) (a lawyer shall maintain complete records of client property in the possession of the lawyer and render appropriate accounts to the client regarding the property); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive).

## II.

The hearing panel approved the board's recommendation that the respondent be suspended for thirty days. The assistant disciplinary counsel has not excepted to this recommendation. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & 1992 Supp.) (ABA *Standards*), a period of suspension is generally appropriate when:

> (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
>
> (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. Moreover, suspension is warranted "when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client." *Id.* at 4.12. On the other hand, public censure "is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client." *Id.* at 4.13.

court.

The respondent has a history of prior discipline. He received a letter of admonition in 1985, a private censure in 1989, and two more letters of admonition in 1991. *See id.* at 9.22(a). Additional factors in aggravation found by the hearing board were: (1) the existence of multiple offenses, *id.* at 9.22(d); (2) the vulnerability of the victims, *id.* at 9.22(h); and (3) the respondent's substantial experience in the practice of law, *id.* at 9.22(i).

Mitigating factors include the absence of a dishonest motive, *id.* at 9.32(b); the existence of personal or emotional problems, *id.* at 9.32(c); and full and free disclosure to the hearing board and a cooperative attitude toward the proceedings, *id.* at 9.32(e). We conclude that at least a short period of suspension is warranted because of the respondent's previous history of discipline and his experience in the practice of law. *See People v. LaSalle*, 848 P.2d 348 (Colo.1993) (attorney suspended for thirty days for neglecting a legal matter and misrepresenting to the client that he would take action in the matter where the attorney had received a prior letter of admonition for similar misconduct and had substantial experience in the practice of law). Accordingly, we accept the hearing panel's recommendation.

### III.

It is hereby ordered that William John Fritsche, III, be suspended from the practice of law for thirty days, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, prior to reinstatement, the respondent must pay $300 plus statutory interest from June 1, 1991, to Jeanette Watkins. It is further ordered that Fritsche pay the costs of this proceeding in the amount of $141.24 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80203.