The PEOPLE of the State of Colorado, Complainant,

v.

William J. FRITSCHE, III, Attorney–Respondent.

No. 95SA98.

Supreme Court of Colorado, En Banc.

June 5, 1995.

PER CURIAM.

A hearing panel of the Supreme Court Grievance Committee approved the findings of the hearing board in this lawyer discipline proceeding, but modified the board's recommendation that the respondent be suspended for three years to a recommendation of disbarment. The respondent defaulted before the hearing board and has not appeared in this court. We accept the hearing panel's recommendation and order that the respondent be disbarred, pay restitution prior to any application for readmission, and be assessed the costs of this proceeding.

I

The respondent was admitted to the Colorado bar in 1977. Because he defaulted before the hearing board, the allegations of fact contained in the two formal complaints that were consolidated without objection for a single hearing were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993). Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

A

Harold Dawson retained the respondent in June 1992 to represent him on criminal charges of possession of a controlled substance. Dawson paid the respondent a $1,500 fee. The respondent engaged in plea negotiations with the district attorney's office, and, on March 4, 1993, Dawson entered a plea to the pending charges. Sentencing was set for May 7, 1993.

However, on March 22, 1993, the respondent was suspended from the practice of law

effective April 21, 1993. *People v. Fritsche,* 849 P.2d 31, 33 (Colo.1993). The respondent did not notify Dawson of the suspension, as he was required to under C.R.C.P. 241.21(b), and did not appear at the May 7 sentencing hearing. Dawson was not able to communicate with the respondent because the respondent did not have an office or a working telephone. Due to respondent's absence, the sentencing was reset for June 29, 1993, at which time the respondent again failed to appear or communicate with Dawson or the court. The sentencing hearing was therefore again delayed. In light of respondent's conduct, the trial judge filed a Request for Investigation, which was mailed to respondent by certified mail. Respondent failed to answer the request.

The hearing board determined that the respondent's conduct violated R.P.C. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client, and shall not neglect a legal matter entrusted to that lawyer); R.P.C. 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice). In addition, since the respondent did not reply to the request for investigation filed in the foregoing matter, he also violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of any part of the committee in the performance of its duties constitutes ground for lawyer discipline).

### B

The respondent represented Tony Oats in a criminal case in which Oats was convicted of possession of a controlled substance. On March 23, 1992, the day he was sentenced to ten years in the Department of Corrections, Oats asked the respondent to file an appeal. The respondent agreed to file an appeal upon the payment of $1,400 in attorney fees and $468 for the trial transcript.

The respondent was aware that the court reporter had prepared the transcript for his client's appeal, but he ignored her requests for payment which respondent knew was a precondition to the reporter's filing of the transcript in the court of appeals. At one time respondent promised to pay the reporter a deposit of $400, but never did. This was despite having been paid $470 by client's wife

to secure a transcript. On October 6, 1992, the court of appeals issued a rule to show cause why the appeal should not be dismissed for failure to file the record. The respondent did not reply and his client's appeal was dismissed on October 21, 1992. In June 1993, the district court appointed the public defender's office to represent Oats, and the court of appeals granted Oats the right to pursue a direct appeal.

On July 15, 1993, a Request for Investigation filed by a judge of the court of appeals was sent to respondent by certified mail. Although returned and redelivered by the postal service to respondent's then-registered address, respondent failed to respond to the Request for Investigation.

The hearing board concluded that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship). Finally, the respondent's failure to reply to the request for investigation filed in the Oats matter violated C.R.C.P. 241.6(7).

### II

■ The hearing panel modified the board's recommendation of a three-year suspension to disbarment. The facts found by the hearing board justify the conclusion that the respondent effectively abandoned his clients while continuing to promise that he would not. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ), in the absence of mitigating factors, disbarment is generally appropriate when:

 

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Gerdes,* 891 P.2d 995 (Colo.1995) (lawyer disbarred after abandoning practice and committing serious criminal act); *People v. Williams,* 845 P.2d 1150, 1152 (Colo.1993) (disbarment warranted when lawyer neglects legal matter, fails to return client's retainer, evades service of process, fails to respond to request for investigation, and abandons practice). Because the respondent did not appear or answer before the board, no mitigating circumstances were found.

Moreover, the respondent was suspended for thirty days in March 1993, for very similar misconduct. *Fritsche,* 849 P.2d at 33; ABA *Standards* 9.22(c) (a pattern of misconduct is an aggravating factor for determining the proper level of discipline). He also has a history of prior discipline. *Id.* at 9.22(a). He received letters of admonition in 1991 and 1992, and a private censure in 1989. The respondent's complete disregard for these proceedings reinforces our conclusion that disbarment is warranted and necessary in this case. *Williams,* 845 P.2d at 1152. Accordingly, we accept the hearing panel's recommendation.

### III

It is hereby ordered that William J. Fritsche, III, be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is further ordered that, as part of any application for readmission, the respondent demonstrate that he has paid restitution to Shonetta Oats in the amount of $470, plus interest at the legal rate dating from August 5, 1992, until paid. It is further ordered that the respondent pay the cost of this proceeding in the amount of $148.03 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion.