The **PEOPLE** of the State of
Colorado, Complainant,

v.

**Martin Joseph BERKLEY,**
Attorney–Respondent.

Nos. 95SA292, 96SA48.

*Supreme Court of Colorado,*
*En Banc.*

April 1, 1996.

---

thirty-one, the hearsay question. *See* maj. op. at 268–69.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Martin Joseph Berkley, Pro Se, Cave Creek, Arizona.

## PER CURIAM.

The respondent in these two consolidated lawyer discipline proceedings has admitted in two separate stipulations, agreements and conditional admissions of misconduct, C.R.C.P. 241.18, that he neglected five client matters. The respondent and the assistant disciplinary counsel have recommended that the respondent be suspended from the practice of law in a range from six months to one year and one day, and pay certain restitution. An inquiry panel of the supreme court grievance committee approved the conditional admissions, and recommended suspension for one year and one day. We accept the conditional admissions and the panel's recommendation.

### I

The respondent was admitted to practice law in Colorado in 1972. The conditional admission in No. 95SA292 was originally submitted on September 1, 1995, with the recommendation that the respondent be suspended for thirty days. While that was pending before the court, we granted the parties' motion to hold the proceeding in abeyance pending resolution of other disciplinary charges against the respondent. On February 27, 1995, a conditional admission in No. 96SA48 was submitted after approval by the inquiry panel and we have consolidated both proceedings for one opinion and order. In the conditional admissions, the parties stipulated to the following facts and disciplinary violations.

### II. No. 95SA292

### A

The respondent was hired by Gloria North in March 1994 to handle her bankruptcy. She told the respondent that she wanted the petition filed as soon as possible because her creditors were contacting her. North made the final payment on the respondent's $500 fee on June 18, 1994, and she paid $160 for a filing fee.

The respondent has stipulated that he neglected the North bankruptcy in the following ways: (1) he did not file the bankruptcy petition until August 11, 1994; (2) he did not appear at the September 1994 creditors meeting; and (3) he did not keep his client reasonably informed about the status of her bankruptcy and did not comply with her reasonable requests for information.

After the creditors meeting, North fired the respondent and retained another lawyer to handle the bankruptcy. As the respondent has admitted, the foregoing conduct violated R.P.C. 1.3 (neglect of a legal matter entrusted to the lawyer); and R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information).

### B

In a second matter, Bebra J. Grandberry retained the respondent in May 1994 to file a Chapter 7 bankruptcy for her. She paid the respondent $200 of his $750 fee, and a $160 filing fee, for a total of $360. In July and August, Grandberry attempted to contact the respondent by telephone, but he did not return her calls. She subsequently learned that the respondent had moved to Arizona. In September, Grandberry called respondent in Arizona and left a telephone message for him requesting a written statement of the balance of the retainer left and forms for the submission of additional creditors. The respondent did not talk to her, but he did submit a sheet on which to list additional creditors.

The respondent admitted that he failed to file Grandberry's bankruptcy petition; did not keep her reasonably informed regarding the status of the matter; and he did not comply with her reasonable requests for information. Following Grandberry's filing of the instant request for investigation on September 28, 1994, the respondent refunded Grandberry's $360 and provided her with a

copy of her file. The respondent's conduct again violated R.P.C. 1.3 (neglect); and R.P.C. 1.4(a) (failure to keep client reasonably informed or promptly comply with reasonable requests for information).

## III. No. 96SA48

### A

On April 15, 1994, the respondent filed a Chapter 13 bankruptcy petition on behalf of Galen Wayne McGee in the United States Bankruptcy Court for the District of Colorado. The respondent filed the remainder of the pleadings including all statements, schedules, and the Chapter 13 plan on April 20, 1994. The bankruptcy court clerk nevertheless issued a notice of deficient filing on April 21, 1994, which stated that the respondent failed to file documents required by Fed. Bankr.R. 1007(a). The respondent was given until May 6, 1994, to correct the deficiencies, but he did not respond, assuming he had filed the appropriate documents on April 20.

On May 31, 1994, the respondent filed an amended Chapter 13 plan on behalf of McGee to provide for child support. The bankruptcy court then issued an order to show cause why such amended plan was feasible. The court ordered the respondent to file an appropriate proof of compliance with its order by August 5, 1994, or otherwise show cause why the bankruptcy should not be dismissed. The respondent filed his reply on August 4, 1994.

Then, he filed a motion to limit the time to object to the second motion to confirm, and to limit the parties to whom notice must be given. Accompanying the motion was an amended notice of hearing and right to object which allowed four days for objections. The respondent's motion was granted in part, but the respondent was ordered to provide twenty days for objections. On September 6, 1994, the court ordered that if the respondent did not file by September 26 a corrected amended notice of hearing and of the right to object, providing twenty days for objections, then the bankruptcy would be dismissed. The respondent did not comply with the court order and did not file the amended notice until September 27.

On November 9, 1994, the bankruptcy court issued an order notifying the respondent that he had failed to comply with the applicable rules and prior orders of the court, and that a hearing on his failure to comply would be held on December 14, 1994. The respondent's client appeared at the appointed time, but the respondent did not. On December 20, 1994, the court ordered the respondent to refund all monies that McGee had paid the respondent on or before January 13, 1995. The respondent did not comply with this order, although he states that his failure was due to financial inability to pay.

The court then issued an order to the respondent to show cause why he should not be held in contempt for failing to make the required payment to his client. The deadline for compliance was subsequently extended to June 1, 1995, and the respondent made one $100 payment on the $400 he owed. A hearing on sanctions against the respondent pursuant to the court's show cause order was held on July 12, 1995. The respondent was ordered to return the remaining $300, but the court delayed an actual finding of contempt. The respondent has since complied with the order.

As he has admitted, the respondent's conduct violated R.P.C. 1.3 (neglect) and R.P.C. 8.4(d) (engage in conduct that is prejudicial to the administration of justice).

### B

On December 8, 1994, the respondent filed a Chapter 7 bankruptcy petition on behalf of Pamela Pettinari in the bankruptcy court. The schedules with the petition were incomplete, and the bankruptcy court sent a notice of deficiency to the respondent. Although respondent filed some additional schedules on January 3, 1995, he failed to file the schedules listing secured creditors and unsecured creditors.

The bankruptcy court therefore entered an order to show cause on January 17, 1995, why the bankruptcy should not be dismissed. Neither the respondent nor his client replied to the show cause order, so the court ordered the respondent and his client to personally

appear on February 22, 1995. Neither the respondent nor his client appeared.

Following the filing of the request for investigation in the Pettinari matter, the respondent prepared and forwarded the schedules that had been omitted to his client for signature and filing. The Pettinari bankruptcy has since been concluded. The respondent stipulated that the foregoing conduct again violated R.P.C. 1.3 (neglect) and R.P.C. 8.4(d) (conduct prejudicial to the administration of justice).

## C

Angela Gragg consulted in June 1994 with the respondent about filing a Chapter 7 bankruptcy petition. She made her final payment on a total fee of $560 on July 6, 1994, and she signed the necessary documents for filing.

During the next three months, Gragg tried unsuccessfully to contact or locate the respondent several times, and she learned that he had moved to Arizona. Gragg finally contacted the respondent in October 1994. He told Gragg that her petition had been filed and that someone from a specific law office would accompany her to the creditors' meeting. The respondent states, however, that he told Gragg that the petition *would* be filed, and that someone from the specific law office or *another* office would go with her. When Gragg contacted the designated law office, no one there was aware that the respondent had referred her case to them.

A request for investigation in the Gragg matter was filed on November 4, 1994. On November 21 the respondent filed a Chapter 7 bankruptcy petition on Gragg's behalf, and she has since received her discharge in bankruptcy.

The respondent's conduct violated R.P.C. 1.3 (neglect) and R.P.C. 1.4(a) (fail to communicate with a client), as well as C.R.C.P. 241.6(3) (misconduct involving any act or omission violating the highest standards of honesty, justice or morality is grounds for discipline).

## IV

The inquiry panel in No. 96SA48 approved the conditional admission, with the recommendation that the respondent be suspended for one year and one day. The same inquiry panel in No. 95SA292 had recommended that the respondent be suspended for thirty days, with reinstatement conditioned on restitution to Gloria North. As reflected in the conditional admission in No. 96SA48, the parties' intent is for the recommendation of discipline in No. 96SA48 to include the misconduct in the earlier proceeding.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

The respondent has a history of previous discipline, which is an aggravating factor. ABA *Standards* 9.22(a). He received two letters of admonition in 1994 for neglect of other bankruptcy matters. Moreover, we publicly censured the respondent in 1993 for neglecting two separate legal matters. *People v. Berkley*, 858 P.2d 699, 702 (Colo.1993).

The respondent has been a lawyer for over twenty-three years, with no discipline prior to the public censure in 1993. *Id.* The conditional admission in No. 95SA292 indicates that the respondent "has located permanently in Arizona and is gainfully employed in a nonlegal capacity as a manager and administrator of a mediation and arbitration practice there." The assistant disciplinary counsel represents that the five instances of misconduct in these cases resulted in little or no harm to the clients affected, although the bankruptcy court did have to intervene and order the respondent to take action on behalf of his clients.

The question is a close one because of the magnitude and extent of pattern of misconduct, but we have decided to accept the conditional admissions, the inquiry panel's recommendation of a one year and one day

suspension, and to order restitution as a condition of reinstatement. *See, e.g., People v. Regan,* 831 P.2d 893 (Colo.1992) (pattern of neglect and misrepresentation in five separate client matters warrants suspension for one year and one day).

## V

Accordingly, it is hereby ordered that Martin Joseph Berkley be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is further ordered that as a condition of reinstatement the respondent must pay restitution to Gloria North in the amount of $400 plus statutory interest from June 18, 1994, until paid. It is also ordered that the respondent pay the combined costs of these proceedings in the amount of $104.75 to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202, within thirty days after the announcement of this opinion. Berkley must undergo reinstatement proceedings as set forth in C.R.C.P. 241.22(b)-(d) prior to reinstatement.