The PEOPLE of the State of
Colorado, Complainant,

v.

Russell Edward VIGIL, Attorney–
Respondent.

No. 97SA241.

Supreme Court of Colorado,
En Banc.

Oct. 27, 1997.

Linda Donnelly, Disciplinary Counsel,
John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Russell Edward Vigil, Denver, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline proceeding was disbarred on December 16, 1996. *See People v. Vigil*, 929 P.2d 1311 (Colo.1996). Following the respondent's disbarment, this disciplinary proceeding was submitted to the court. A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board that the respondent be disbarred, pay restitution prior to any application for readmission, and be assessed the costs of the proceeding. We approve the findings of the panel and board, and order that the respondent pay restitution prior to any application for readmission as set forth in the board's report, and pay the costs of the proceeding. We do not reach the issue of the appropriate discipline since the respondent has already been disbarred, although the panel's recommendation is obviously correct.

I

The respondent was admitted to practice law in Colorado in 1976. Even though now disbarred, he remains subject to the jurisdiction of this court and its grievance committee for his failure to comply with the Code of Professional Responsibility and the Rules of Professional Conduct while he practiced law. *People v. Koransky,* 830 P.2d 490, 491 (Colo. 1992); C.R.C.P. 241.1(b). Based on the testimony and other evidence presented ·at the hearing, at which the respondent did not participate following the denial of his last-minute motion for a continuance, the hearing board found that the following was established by clear and convincing evidence. Because we do not reach the issue of sanctions and the respondent has not excepted to any of the board's findings or recommendations, no extended discussion of the facts and findings is necessary.

A

Cynthia L. Bristow, a resident of California, hired the respondent on August 28, 1993, to represent her in matters related to her deceased father's Colorado estate. On or about September 4, 1993, Bristow signed a fee agreement and paid the respondent a

total of $2,500. The respondent's so-called "representation" of Bristow in the administration of her father's estate was replete with substantial neglect and failing to communicate with his client and failing to abide with orders of the probate court. The board concluded that the respondent's conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate with a client); Colo. RPC 1.15(b) (failing to account for and return unearned client funds); and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). The hearing board also found that the respondent should return the entire fee that Bristow paid him, $2,500, as a condition of readmission.

B

Another resident of California, Karon Wright, was sued by the bankruptcy trustee for $235,971 in an adversary bankruptcy proceeding filed in the United States Bankruptcy Court for the District of Colorado. The gravamen of the claim involved a "Ponzi" scheme in which earlier participants or investors are paid from the proceeds received from later participants. Wright paid the respondent $2,500 to represent her. The respondent asked for, and received an additional $7,500 from Wright for additional research. She wired the respondent the $7,500 on January 14, 1993. As in the previous matter, the respondent seriously neglected Wright's case, failed to communicate with her, and failed to refund her advance fee upon the termination of the lawyer-client relationship. His conduct therefore violated Colo. RPC 1.3, Colo. RPC 1.4(a), and Colo. RPC 1.16(d) (failing to refund advance client fee upon termination of representation). The board found that the respondent should reimburse Wright for the entire $10,000 that she paid him as a condition of readmission.

II

The respondent's license to practice law has already been revoked. Had he not already been disbarred, we would act to disbar the respondent. Under the circumstances, we accept the hearing board's and panel's recommendations that the respondent be required to comply with the conditions of restitution. Accordingly, it is hereby ordered that prior to any petition for readmission, and as a condition for readmission, the respondent must demonstrate that he has made full restitution to Cynthia L. Bristow in the amount of $2,500 plus statutory interest from September 4, 1993; and to Karon Wright in the amount of $10,000 plus statutory interest from January 14, 1993. It is further ordered that Vigil pay the costs of this proceeding in the amount of $5,561.93, within ninety days after the announcement of this opinion, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.

SCOTT, J., does not participate.