The PEOPLE of the State of Colorado, Complainant,

v.

Lawrence A. WRIGHT, Attorney–Respondent.

No. 97SA76.

Supreme Court of Colorado, En Banc.

Nov. 10, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Sudler, Assistant Disciplinary Counsel, Denver, for Complainant.

Lawrence A. Wright, Kiowa, Pro Se.

PER CURIAM.

The respondent in this lawyer discipline case did not answer the complaint filed against him and did not appear at the hearing before the hearing board. Two members of the hearing board recommended that the respondent be suspended from the practice of law for a period ranging from six months to one year and one day. The third member recommended suspension for sixty days. All members of the board recommended that the respondent be required to undergo reinstatement proceedings pursuant to C.R.C.P. 241.22(b)–(d) and to satisfy certain additional conditions in order to be reinstated. A hearing panel of the supreme court grievance committee modified the board's recommendation to a suspension for one year and one day. The respondent has appeared in this court and has filed exceptions to the panel's action. We have concluded that a ninety-day suspension is an adequate sanction under the facts of this case.

## I.

The respondent was first licensed to practice law in this state in 1970. Because the respondent did not answer the formal complaint filed in this case, the hearing board entered a default against him. The allegations of fact contained in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

Douglas J. Koehn hired the respondent to represent him in recovering damages from a truck stop and its insurance carrier. Koehn is an over-the-road truck driver and one of his two trucks was taken to a truck stop in Limon, Colorado, for service. Shortly after it was serviced, the truck engine blew up due to a lack of oil, which was apparently caused by the truck stop's negligence.

The respondent negotiated a $7,400 payment from the insurance company for damage to the truck. The amount to be paid for Koehn's lost profits and other items was left open for negotiation. A settlement offer was later obtained which Koehn understood to be for $1,500 and he rejected it. In his response to the request for investigation, the respondent represented that the offer was for $3,500. In any event, the respondent prepared a complaint and attempted to file it by mail, but because the complaint was incorrectly captioned for Elbert County when the proper venue was Lincoln County, the court returned the complaint.

■ The respondent failed to communicate adequately with either Koehn or Koehn's wife, returning only one of her numerous calls and promising to get to work on the case. The respondent took no further action on his client's behalf, however, and the hearing board concluded that the statute of limitations has now run "on any negligence claim against the truck stop."

The respondent's conduct, which occurred before and after the effective date of the Rules of Professional Conduct, January 1, 1993, violated DR 6–101(A)(3) and Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer), and Colo. RPC 1.4(a) (failing to communicate adequately with a client).

## II.

■ The hearing board majority recommended that the respondent be suspended for a period ranging from six months to one year and one day. One member recommended a sixty-day suspension. The hearing panel recommended that the respondent be suspended for a year and a day, together with certain conditions for reinstatement. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), some period of suspension is warranted in a case like this. *See* ABA *Standards* 4.42 ("Suspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.").

The hearing board found the following aggravating factors: the respondent has been previously disciplined with an admonition and two private censures, *see id.* at 9.22(a); there are multiple offenses, *see id.*

at 9.22(d); the respondent refused to acknowledge the wrongful nature of his conduct, *see id.* at 9.22(g); he has substantial experience in the practice of law, *see id.* at 9.22(i); and has been indifferent to making restitution, *see id.* at 9.22(j). Examining the record, we conclude that this case involves a pattern of neglect, *see id.* at 9.22(c), rather than multiple offenses. In addition, we find the respondent's noncooperation before the grievance committee to constitute a bad faith obstruction of the disciplinary proceeding, *see id.* at 9.22(e), but not necessarily a refusal to acknowledge wrongful conduct.

The single thing that concerned the hearing board the most was the fact that the respondent defaulted and did not appear at the hearing. However, the respondent did file pleadings in this court. His excuse is the same heavy caseload that caused him to neglect the truck stop case. The respondent also represents that he has now paid his former client $8,500 in partial settlement of the client's malpractice claim against him.

Previous cases suggest a suspension for sixty or ninety days. *See People v. Ross,* 810 P.2d 659, 660 (Colo.1991) (neglect of legal matter warrants suspension for ninety days given prior letter of admonition and entry of default as discovery sanction); *People v. Crimaldi,* 804 P.2d 863, 865 (Colo.1991) (failing to prepare two wills as agreed and total failure to participate in disciplinary process warrants sixty-day suspension where there is no prior discipline). The cases cited by the complainant, *People v. Berkley,* 914 P.2d 338 (Colo.1996), and *People v. Fritsche,* 849 P.2d 31 (Colo.1993), are distinguishable.

Berkley was suspended for one year and one day, but he neglected five separate matters and his history of previous discipline included two letters of admonition in 1994 for neglect and a public censure in 1993 for neglecting two separate legal matters. *Berkley,* 914 P.2d at 341. The *Berkley* case is therefore more aggravated than this one. The lawyer in *Fritsche* was suspended for thirty days, and there was no requirement of reinstatement proceedings. *Fritsche,* 849 P.2d at 33. Fritsche also defaulted, although he apparently otherwise cooperated in the proceedings since the board found his full and free disclosure to the board to be a mitigating factor. *Id.*

Considering the seriousness of the misconduct and the factors in aggravation, we have determined that a suspension for ninety days, together with certain conditions for reinstatement, is a sufficient sanction. Although the question is a close one, we have decided not to require reinstatement proceedings. At least one member of the court, however, would impose a more severe sanction.

### III.

Accordingly, it is hereby ordered that Lawrence C. Wright be suspended from the practice of law for ninety days, effective thirty days after this opinion is issued. Prior to reinstatement, and as a condition for reinstatement, the respondent is required to demonstrate to the Office of Disciplinary Counsel: (1) that he has made good faith efforts to satisfy the damages his conduct caused Douglas J. Koehn; (2) that he has completed fifteen hours of continuing legal education pertaining to law office or law practice management, with emphasis on client relations, client communications, and tickler systems; and (3) that he has established a professional relationship with another lawyer who will serve as a mentor to the respondent for at least one year following the respondent's reinstatement and who will periodically meet with the respondent to review the respondent's caseload and the status of legal work the respondent has agreed to perform.

The respondent is also ordered to pay the costs of this proceeding in the amount of $470.74 within thirty days of the date of this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920-S, Denver, Colorado 80202.

SCOTT and BENDER, JJ., do not participate.