**The PEOPLE of the State of Colorado, Complainant,**

v.

**Jerry W. CRIST, Attorney–Respondent.**

**No. 97SA325.**

Supreme Court of Colorado,
En Banc.

Dec. 2, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Jerry W. Crist, Sandy, UT, Pro Se.

**PER CURIAM.**

The hearing board in this lawyer discipline case recommended that the respondent be disbarred for abandoning his law practice and other misconduct. A hearing panel of the supreme court grievance committee approved this recommendation. Neither the complainant nor the respondent has excepted to the panel's action. We accept the hearing panel's recommendation and order that the respondent be disbarred.

### I.

The respondent was admitted to the practice of law in Colorado in 1995. He was immediately suspended from the practice of law by order dated March 27, 1997, until further order of this court. *See* C.R.C.P. 241.8. The respondent did not answer the formal complaint, so a default was entered against him. The facts and allegations contained in the complaint were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo. 1996). Based on the default and the evidence presented, the hearing board found that the facts, which follow, had been established by clear and convincing evidence.

### A.

The respondent abandoned his law practice and his clients and he has left the state. Since October 30, 1996, he has missed numerous pretrial conferences, motions hearings, trial dates, and other client appointments in criminal and civil matters. There are approximately sixty cases in which the respondent has abandoned his clients. The respondent's abandonment of his clients in criminal, juvenile, and civil cases has seriously impaired the affected courts' abilities to effectively administer justice, and in some

cases has prevented the respondent's criminal justice clients from receiving a speedy trial. He has also violated court orders in the course of his abandonment.

The respondent's conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); Colo. RPC 1.4(a) (failing to keep a client reasonably informed about the status of a matter); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Colo. RPC 8.4(h) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law).

### B.

In 1995 and 1996, the respondent unlawfully used methamphetamine, a schedule II controlled substance, contrary to sections 18–18–204(2)(c) and 18–18–404(1)(a), 6 C.R.S. (1997), a class 5 felony. He thereby violated Colo. RPC 8.4(a) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness); and C.R.C.P. 241.6(5) (violating the criminal laws of a state or of the United States).[1]

### II.

The hearing panel approved the hearing board's recommendation that the respondent be disbarred. Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA Standards), in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Wallace,* 936 P.2d 1282, 1284 (Colo.1997)

(disbarring lawyer who abandoned clients, causing them serious harm, and knowingly misappropriated client funds); *People v. Townshend,* 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who effectively abandoned two clients after accepting retainers and failing to account for or return the unearned retainers); *People v. Fritsche,* 897 P.2d 805, 806–807 (Colo.1995) (lawyer who effectively abandoned clients and disregarded disciplinary proceedings disbarred).

The hearing board found the following factors in aggravation: the respondent had a dishonest or selfish motive, *see id.* at 9.22(b); there is a pattern of misconduct, *see id.* at 9.22(c), and the presence of multiple offenses, *see id.* at 9.22(d); the respondent engaged in a bad-faith obstruction of this disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary authorities, *see id.* at 9.22(e); some of the respondent's victims were vulnerable, *see id.* at 9.22(h); and the respondent engaged in illegal conduct involving the use of controlled substances, *see id.* at 9.22(k).

In mitigation, the board noted that the respondent had not been previously disciplined in his brief legal career, *see id.* at 9.32(a); and that personal or emotional problems were present as reflected in the respondent's letter to the assistant disciplinary counsel dated July 1, 1997, *see id.* at 9.32(c). The respondent also stated in that letter that he was not contesting the appropriateness of an order of disbarment. Because disbarment is the only realistic alternative under these facts, we accept the hearing panel and hearing board's recommendation.

### III.

Accordingly, it is hereby ordered that Jerry W. Crist be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is also ordered that the respondent pay the costs of this proceeding

---

1. A third count alleged that the respondent has committed two additional felonies. Although the respondent admitted the factual allegations contained in the complaint by his default, because of "the lack of allegations of the underlying specific acts, the lack of any evidence thereon, and the parallel criminal proceedings not yet concluded" the hearing board concluded that that count was not proven by clear and convincing evidence. The complainant has not excepted to this aspect of the board's findings, and in light of the other two counts and our ultimate disposition of this case, we do not reach the propriety of the board's action.

in the amount of $123.94 within thirty days to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.