**The PEOPLE of the State of Colorado, Complainant,**

v.

**R. Michael HOLMES, Attorney–Respondent.**

**No. 97SA470.**

Supreme Court of Colorado,
En Banc.

March 30, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance By or on Behalf of Attorney–Respondent.

**PER CURIAM.**

The respondent in this lawyer discipline proceeding was disbarred on January 20, 1998. *See People v. Holmes,* 951 P.2d 477 (Colo.1998). This further proceeding has now been submitted to the court with the recommendation of disbarment and restitution. A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board that the respondent be disbarred, pay restitution prior to any application for readmission, and be assessed the costs of the proceeding. We approve the findings of the panel and board, and add to our current order of disbarment a condition that the respondent pay restitution prior to any application for readmission as set forth in the board's report, and pay the costs of the proceeding. We need not reach the issue of the appropriate discipline since the respondent has already been disbarred.

I.

The respondent was admitted to practice law in Colorado in 1984. Even though his license to practice law has been revoked, he remains subject to the jurisdiction of this court and its grievance committee for his failure to comply with the Code of Professional Responsibility and the Rules of Professional Conduct during the period while he was practicing law. *See People v. Koransky,* 830 P.2d 490, 491 (Colo.1992); C.R.C.P. 241.1(b). The respondent defaulted before the hearing board and has not appeared in this court, and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Wright,* 947 P.2d 941, 942 (Colo.1997). Based on the default and evidence presented at the hearing, the board found that violations were established by clear and convincing evidence. No extended discussion of the facts and findings is necessary given that the respondent

has already been disbarred and he has not excepted to the findings.

### A.

On or about August 14, 1996, Charlene Gee hired the respondent to represent her in a dissolution of marriage action, and she paid him $600. Previously, on July 22, 1996, we had suspended the respondent for one year and one day, effective thirty days thereafter, or August 21, 1996. The respondent nevertheless accepted signed forms and miscellaneous financial documents from Gee, and did not inform her that he could accept no new business as his suspension would shortly be effective, as required by C.R.C.P. 241.21(a),(b). It is sufficient for our purposes to note that the respondent subsequently performed no useful legal services for Gee, misrepresented the status of her case to her, and failed to return her $600. He thereby violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to keep a client reasonably informed of the status of a matter); Colo. RPC 1.15(a) (failing to safeguard client property); Colo. RPC 1.15(b) (failing to return client funds upon request); Colo. RPC 1.16(d) (failing to protect a client's interests upon withdrawing from representation); Colo. RPC 5.5(a) (practicing law in violation of the rules of the legal profession); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); C.R.C.P. 241.21(a) (accepting new employment after notification of pending suspension); and C.R.C.P. 241.21(b) (failing to comply with suspension notification requirements).

### B.

Richard and Lana Zinn retained the respondent in early 1996 to represent them in a Chapter 13 bankruptcy. They paid him $300. Following the first meeting, the Zinns paid the respondent whenever he called and asked for money: $200 about April 12, 1996; $285 about September 19, 1986; and $72 about September 27, 1996. The respondent collected a total of $857 from the Zinns. He then neglected the Zinns' legal matter, did not notify them that he had been suspended, and has not returned their money. He again violated Colo. RPC 1.3, Colo. RPC 1.4(a), Colo. RPC 1.15(a), Colo. RPC 1.15(b), Colo. RPC 1.16(d), Colo. RPC 5.5(a), Colo. RPC 8.4(c), Colo. RPC 8.4(d), and C.R.C.P. 241.21(b).

### C.

The respondent has failed to maintain his current address with the Office of Attorney Registration, and has not responded to the requests for investigation in the Gee and Zinn matters, in violation of C.R.C.P. 227(A)(2)(b) and C.R.C.P. 241.6(7), respectively.

### II.

The respondent has been disbarred. Nevertheless, we accept the hearing board's and panel's recommendations that the respondent be required to comply with the following conditions of restitution. It is hereby ordered that prior to any petition for readmission, and as a condition for readmission, the respondent must demonstrate that he has made full restitution to Charlene Gee in the amount of $600 plus statutory interest from August 14, 1996; and to Richard and Lana Zinn in the amount of $857 plus statutory interest from August 21, 1996. It is further ordered that Holmes pay the costs of this proceeding in the amount of $156.34 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.