The PEOPLE of the State of Colorado, Complainant,

v.

Mark Raymond CLYNE, Attorney–Respondent.

No. 97SA345.

Supreme Court of Colorado, En Banc.

Oct. 27, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Mark Raymond Clyne, Durango, Pro Se.

PER CURIAM.

The parties in this lawyer discipline case entered into a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. In the conditional admission, the respondent consented to disbarment. An inquiry panel of the supreme court grievance committee approved the conditional admission and recommended that the respondent be disbarred. We accept the conditional admission and the inquiry panel's recommendation.

## I.

The respondent was licensed to practice law in this state in 1980. The conditional admission details the respondent's actions in numerous matters. We here only summarize the contents of the conditional admission for the purpose of this opinion and order.

### A. The Brenner Matter

The respondent represented Charles Brenner in a personal injury case in which Brenner was injured in an automobile accident. After recovering settlements from the insurer of the other automobile, and from underinsured motor vehicle coverage, and deducting the applicable contingent fees and paying the client the balance, the respondent settled the PIP benefits claim for $25,000. Brenner was supposed to receive $16,666.67 from this settlement, but in December of 1993 the respondent misappropriated the funds for his personal and business use. The respondent's trust account records disclose that the respondent dissipated the entire $16,666.67.

During the same time period, he also represented Brenner in matters involving a recreational vehicle (RV) park and a social security case. On or about August 13, 1993, Brenner paid the respondent $1,500 to represent him in the RV case. The respondent improperly deposited this advance fee into his operating account rather than his trust account. In the social security case, the respondent failed to timely file an appeal, did not notify Brenner of his failure to do so, and did not withdraw.

The respondent has admitted that the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter), and Colo. RPC 1.4(a) (failing to communicate with a client). Because he placed the unearned advance fee in his operating account rather than his trust account, he violated Colo. RPC 1.15(a) (failing to segregate client funds from the lawyer's other funds); Colo. RPC 1.15(b) (wrongfully retaining client funds); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### B. The Shippy and Boren Matter

In April 1995, Charlotte Shippy and Gloria Boren hired the respondent to assist an indi-

vidual in his efforts to reduce his prison sentence. The respondent agreed to file a motion for reconsideration of the sentence and told them that if that did not succeed he would appeal the matter to the state supreme court if necessary. On May 30, 1995, Boren paid the respondent $2,500 as an advance fee, and Shippy signed an hourly fee agreement.

In August or September 1995, Shippy and Boren discovered that the respondent had closed his law office in Durango. After they filed a request for investigation with the Office of Disciplinary Counsel in November, the respondent sent them a letter in December 1995 indicating that personal problems had caused him to close his office. The respondent also returned Boren's $2,500 advance fee and the documents provided to him.

The respondent stipulated that the foregoing conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate with a client); Colo. RPC 1.15(a) (failing to segregate client funds from the lawyer's other funds); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Finally, he violated C.R.C.P. 227(A)(2)(b) because he did not file a supplemental change of address form with attorney registration.

## C. Insufficient Funds Checks

On June 6, 1995, the local district attorney asked the respondent to pay his outstanding balance of $101.25 for copies of discovery documents. On August 1, 1995, the district attorney's office received the respondent's check in the proper amount. The check was returned on two occasions for insufficient funds. An investigation of the respondent's operating account by the Office of Disciplinary Counsel revealed that between November 1994 and September 1995, the respondent had 105 checks returned for insufficient funds, most of which the bank eventually honored. The respondent violated Colo. RPC 8.4(c) (engaging in conduct involving dishonesty), and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice).

## D. The Caudill Matter

On July 13, 1995, the respondent agreed to represent Marshall A. Caudill on a misdemeanor charge for a flat fee of $400. Unable to reach the respondent after that date, Caudill was forced to appear in court by himself. The respondent never entered an appearance on behalf of Caudill, although he cashed Caudill's $400 check on July 13, knowing that he intended to close his law office the next day. The respondent's conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.5(a) (charging an unreasonable fee); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty).

## E. Danny L. Nielson, D.C.

Dr. Nielson, an Arizona chiropractor, provided treatment to four injured members of the Sirimarco family following an automobile accident. In July and August 1993, the Sirimarcos signed agreements with Dr. Nielson and the respondent authorizing the respondent to pay Dr. Nielson's bills directly and to withhold such sums from any settlement or judgment obtained on their behalf.

Dr. Nielson, whose outstanding medical bills for the Sirimarcos totaled $8,344, was unable to contact either the respondent or the Sirimarcos. He discovered in August 1995 that the insurer had settled the Sirimarcos' claims the preceding February for an amount exceeding $20,000.

The respondent admits that his conduct violated Colo. RPC 1.15(b) (failing to pay to a third person funds to which the third person is entitled).

## F. The State Grievance Board

A client retained the respondent in February 1994 to file a complaint with the state grievance board concerning one or more members of the local mental health community. After months of trying unsuccessfully to reach the respondent, the client discharged the respondent by letter dated November 23, 1994, and asked for the return of his file. On

December 2, 1994, however, the two met and the respondent indicated that he would file the complaint without charge to the client. On July 17, 1995, the client learned from the state grievance board that the respondent had never filed the complaint. The client then sent the respondent a second termination letter on July 20, 1995, and requested return of all of his documents. The respondent had not returned the documents as of the date of the conditional admission in this case.

The respondent has stipulated that the foregoing conduct violated Colo. RPC 1.3 (neglect); Colo. RPC 1.4(a) (failing to communicate); Colo. RPC 1.15(b) (failing to deliver to a third person funds to which the third person is entitled); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### G. Disciplinary Counsel

During the course of the investigation of the respondent's trust account, the investigative counsel for the Office of Disciplinary Counsel discovered that on numerous occasions between 1992 and 1995 the respondent issued checks drawn on his trust account for personal expenses and law office operating expenses; and that he commingled earned and unearned fees received from clients as well. His conduct thereby violated DR 9-102(A) and Colo. RPC 1.15(a) (failing to segregate client funds from the lawyer's own funds).

### H. The Vigil Matter

In December 1994, Elroy A. Vigil hired the respondent to represent him on criminal charges in La Plata County. Vigil paid the respondent a $1,000 flat fee. After the respondent made one or two court appearances, Vigil learned in March or April 1996, that the respondent's telephone had been disconnected and his law office closed. The respondent thus violated Colo. RPC 1.3, Colo. RPC 1.4(a), Colo. RPC 1.5(a) (charging an unreasonable fee), and Colo. RPC 8.4(d) (engaging in conduct prejudicial to the ad-

ministration of justice). His failure to respond to the request for investigation in the Vigil matter violated C.R.C.P. 241.6(7).

### II.

The respondent has agreed to disbarment. The inquiry panel recommended disbarment. We have previously found disbarment appropriate in similar cases when a lawyer accepts fees from clients, fails to perform legal services, and then effectively abandons the clients, thereby misappropriating the unearned fees. *See, e.g., People v. Kuntz*, 942 P.2d 1206, 1208–09 (Colo.1997); *see also* ABA *Standards for Imposing Lawyer Sanctions* 4.11 (1991 & Supp.1992) (knowingly misappropriating client funds warrants disbarment); *id.* at 4.41(a) (abandoning legal practice and causing serious or potentially serious injury warrants disbarment). The record does not reveal the presence of any factors in mitigation that would call for a lesser sanction. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III.

It is hereby ordered that Mark Raymond Clyne be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the announcement of this opinion. Prior to and as a condition of any petition for readmission, the respondent must demonstrate that he has made full restitution including statutory interest to Charles Brenner, Marshall A. Caudill, Danny L. Nielson, D.C., Elroy A. Vigil, and the District Attorney for the Twenty–Second Judicial District. The respondent is also ordered to pay the costs of this proceeding in the amount of $706.30 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.