The PEOPLE of the State of
Colorado, Complainant,

v.

Lawrence A. WRIGHT, Jr., Respondent.

No. GC98C90.

Office of the Presiding Disciplinary Judge
of the Supreme Court of Colorado.

May 4, 1999.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND IMPOSITION OF SANCTIONS

This matter was heard on March 4, 1999 before the Presiding Disciplinary Judge (the "PDJ") and two hearing board members, Hal B. Warren and John M. Mosby, both members of the Bar. Josephine D. Luna, Assistant Regulation Counsel, represented the People (the "People") and Lawrence A. Wright, Jr. appeared *pro se.*

### I. CHARGES

The Complaint in this disciplinary matter, filed July 20, 1998, charged Lawrence A. Wright, Jr. ("Wright") with seven separate counts. The first six counts alleged that Wright engaged in the practice of law in Colorado in separate matters while his license to practice law was suspended, and/or failed to give notice of his suspension from the practice of law in pending cases. The seventh count alleged that Wright failed to cooperate with the Office of Disciplinary Counsel during the investigation following several Requests for Investigation.

The People charged that Wright's conduct in connection with Counts I through V established grounds for discipline as provided in C.R.C.P. 241.6(6) [1], and that Wright had violated: Colorado Rules of Professional Conduct ("Colo.RPC") 1.3 (neglecting a legal matter); C.R.C.P. 241.21(entering an appearance in a case while under suspension and/or failing to give notice of suspension); Colo. RPC 5.5(a)(practicing in a jurisdiction where doing so violates the regulations of the profession in that jurisdiction); Colo. RPC 8.4(d)(engaging in conduct prejudicial to the administration of justice); Colo. RPC 8.4(g)(engaging in conduct which violates accepted standards of legal ethics), and Colo. RPC 8.4(a)(violating the rules of professional conduct). Count VI charged violations of Colo. RPC 1.3, 5.5(a), 8.4(a) and C.R.C.P. 241.6(7)(failure to respond to a request by the Grievance Committee without good cause shown or obstruction of the Grievance Committee or any part thereof in the performance of its duties). Count VII charged a violation of C.R.C.P. 241.21 and 241.6(7).

On March 4, 1999, Wright and the People filed a Stipulation of Facts and Admission of Conduct ("Stipulation") with the PDJ. In the Stipulation, the People withdrew the charges under Counts I though V pursuant to Colo. RPC 8.4(h)(engaging in conduct that adversely reflects on the lawyer's fitness to practice law), the charges under Count V alleging a violation of Colo. RPC 5.5(a)(practicing in a jurisdiction where doing so violates the regulations of the profession in that jurisdiction), and the charge under Count VII alleging a violation of C.R.C.P. 241.21.

On March 4, 1999, the PDJ and hearing board members heard testimony from Wright. The People's Exhibits 1 through 12

---

1. C.R.C.P. 241.6 **Grounds for Discipline**:
   Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship: (6) Any act or omission which violates these Rules or which violates an order of discipline or disability;

were admitted by stipulation into evidence. Wright's exhibits A and B were admitted by stipulation into evidence. The PDJ admitted the Stipulation into evidence. The following facts were found to be true by clear and convincing evidence:

## II. FINDINGS OF FACT

On November 10, 1997, the Colorado Supreme Court issued its opinion in *People v. Wright,* 947 P.2d 941 (Colo.1997), suspending Wright for ninety days effective thirty days from the date of the opinion. The suspension resulted from Wright's failure to adequately communicate with his client and his neglect of a legal matter. Wright's suspension became effective on December 10, 1997.

The Supreme Court's opinion, recognizing the seriousness of Wright's misconduct, not only imposed a ninety-day suspension but also provided that prior to and as a condition of reinstatement, Wright was required to demonstrate:

(a) that he has made good faith efforts to satisfy the damages his conduct caused the complaining witness;

(b) that he has completed fifteen hours of continuing legal education pertaining to law office or law practice management, with emphasis on client relations, client communications, and tickler systems; and

(c) that he has established a professional relationship with another lawyer who will serve as a mentor to the respondent for at least one year following his reinstatement, and who will periodically meet with the respondent to review the respondent's caseload and the status of legal work the respondent has agreed to perform.

Wright was eligible to apply for reinstatement on or about March 10, 1998. He did not do so. Wright did not fulfill the three specified conditions of reinstatement. An application for reinstatement following a ninety-day suspension would have required Wright to file an affidavit attesting to completion of all requirements set forth in the order of suspension. *See* C.R.C.P. 241.22(b). No such affidavit was filed.

### A. Counts I, II, III, IV and VI – The Five Cases

Wright admits to having practiced law while under suspension in the following matters:

A. (Count I) *People v. Shinaut,* Case No. 97CR47, in Elbert County Court. While under suspension, on March 17, 1998, Wright entered his appearance and represented defendant at a preliminary hearing. Wright subsequently filed a written Entry of Appearance on March 23, 1998. At the arraignment in district court on April 27, 1998, defendant appeared and advised the court that Wright represented him, although Wright was not present that day. Wright did not file a Motion to Withdraw.

B. (Count II) *People v. Mosser,* Case No. 96T153 in Douglas County Court. While under suspension, on March 23, 1998, Wright entered his appearance on behalf of defendant, replacing previous counsel. Although the case was set for trial April 6, 1998 and the prosecution was prepared to proceed, the court granted defendant's motion to continue trial in order to permit Wright to represent defendant at trial. Wright did not file a Motion to Withdraw.

C. (Count III) *People v. Leahy,* Case No. 97M00163, in Elbert County Court. While under suspension, on March 23, 1998, Wright entered his appearance. Trial was scheduled to proceed on April 9, 1998. Wright failed to appear for trial. The trial date was vacated and counsel was ordered to appear on May 4, 1998. Neither the defendant nor Wright appeared on that date.

D. (Count IV) *People v. Phillips,* Case No. 97T3550, in Douglas County Court. While under suspension, on March 23, 1998, Wright entered his appearance on behalf of defendant. A hearing was set on April 15, 1998, but neither Wright nor defendant appeared.

E. (Count VI) *People v. Jantz,* Case No. 97 CR 67, in Douglas County. While under suspension, on March 17, 1998, a letter

was sent from Wright's office to the Douglas County District Attorney's Office stating that Wright represented defendant and requesting discovery. On April 14, 1998, at the preliminary hearing on charges of aggravated incest and sexual assault, defendant appeared but Wright did not. Defendant told the court that Wright represented him, and that Wright had advised him to waive the preliminary hearing. Defendant tendered a waiver to the court signed "Myka M. Landry, by Donna Gray." Ms. Landry is Wright's daughter and is a licensed attorney. Ms. Gray is Wright's secretary. Wright signed his daughter's name to the waiver without her knowledge. The court refused to accept the waiver and reset the case for appearance of counsel on May 19, 1998. The defendant was required to and did secure other counsel.

### B.   Count v.—The Kimbrell Matter

In August of 1995, prior to his suspension, Wright represented the defendant in *Gray v. Kimbrell,* Case No. 95 CV280, in Douglas County Court. Plaintiff filed a motion to compel discovery which defendant had not answered. Wright did not respond to the motion to compel. The court ordered defendant to comply with the discovery within ten days, and awarded attorneys' fees to plaintiff. Neither Wright nor defendant provided discovery in compliance with the court order. Plaintiff moved for default judgment against defendant, Wright did not file a response, and the court granted plaintiff's motion. On September 9, 1997 the court held a hearing on damages, at which neither Wright nor defendant appeared. The court took testimony and entered judgment in favor of plaintiff in the amount of $106,000 in damages, $18,000 in pre-judgment interest, and awarded $475 in attorneys' fees against both Wright and his client.

The court then entered a written order noting that defendant and Wright had failed to comply with the Colorado Rules of Civil Procedure regarding discovery, had failed to comply with court orders, had failed to respond to plaintiff's motion for default judg-

ment, and had failed to appear for the hearing or trial. In October 1997, approximately three weeks after the hearing on damages, Wright filed a motion to set aside the default judgment. The court denied the motion noting that it consisted of only two brief paragraphs which provided no basis for relief.

Following the November 10, 1997 Supreme Court Order suspending Wright from the practice of law, Wright failed to provide notice in the *Kimbrell* matter to opposing counsel or the court that he had been suspended. Pursuant to C.R.C.P. 241.21(b), Wright was required to give notice of his suspension on or before December 10, 1997.

### C.   Count VII – Lack of Cooperation with the Disciplinary Counsel

On December 29, 1997, January 23, 1998 and April 8, 21, and 30, 1998, the Office of Disciplinary Counsel sent correspondence to Wright requesting his response to various Requests for Investigation filed with their office. Wright did not respond to any of the inquiries forwarded to him nor did he submit evidence of any good faith attempt to do so.

### III.   CONCLUSIONS OF LAW

Lawrence A. Wright, Jr., has taken and subscribed the oath of admission, was admitted to the bar of this court on October 6, 1970, and is registered upon the official records of this court, attorney registration No. 04655. He is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).

### A.   The Five Cases

The evidence introduced in this proceeding establishes that following his suspension, Wright intentionally and knowingly violated the terms of the Supreme Court's November 10, 1997 Order suspending him from the practice of law. Wright entered his appearance while under suspension in at least four cases which were pending in court. He appeared in court, set matters on behalf of his clients for hearing or trial, and on at least one occasion had his client submit a false and fabricated document to the court. The Stipulation and Wright's testimony reveal that he not only placed his post-suspen-

sion clients at risk of harm, he in fact caused them harm.

Wright's entering his appearance in matters pending in the courts of Colorado while under suspension violates C.R.C.P. 241.21(a) and C.R.C.P. 241.21(b)[2]. Wright's conduct in the five cases undoubtedly constitutes the practice of law. *Denver Bar Association v. Public Utilities Commission*, 154 Colo. 273, 391 P.2d 467, 471 (1964)(holding that generally one who acts in a representative capacity in protecting, enforcing, or defending the legal rights and duties of another and in counseling, advising and assisting him in connection with these rights and duties is engaged in the practice of law). Wright's practicing law in a jurisdiction where doing so violates the regulations of the profession in that jurisdiction violates Colo. RPC 5.5(a).

■ Even if there had been no violation by Wright of the Supreme Court's order suspending his license to practice law, his conduct in the cases at issue would necessitate the imposition of severe sanctions. In the five cases referenced in the Complaint and Stipulation, Wright repeatedly failed to appear, caused the submission of at least one false and fabricated document, intentionally delayed pending proceedings without just cause, and refused to appear when so ordered by the court. Moreover, after having entered his appearance in at least four of the five cases knowing he was not entitled to do so, Wright failed to withdraw.

Wright's failure to appear on behalf of his clients and his failure to properly withdraw from the relevant cases violates Colo. RPC 1.3 (neglect of a legal matter). Wright's

conduct in several instances resulted in direct disruption of pending proceedings and was prejudicial to the administration of justice in violation of Colo. RPC 8.4(d)(engaging in conduct prejudicial to the administration of justice). Wright's conduct violates accepted standards of legal ethics in violation of Colo. RPC 8.4(g)(engaging in conduct which violates accepted standards of legal ethics).

### B. The Kimbrell Case

■ Wright's involvement in the *Kimbrell* matter predates his suspension from the practice of law but was not a factor leading to that suspension. In that matter, Wright failed to respond to discovery requests directed to his client, failed to comply with the court's order compelling discovery, failed to timely respond to a Motion for Default, allowed, without justification, a default to be taken against his client, failed to appear at the damages hearing, allowed, without justification, a $106,000 judgment to be entered against his client and subjected both his client and himself to an order to pay the attorney's fees of the opposing party. A more classic example of client neglect is difficult to imagine. Such conduct violates Colo. RPC 1.3, 8.4(a), Colo. RPC 8.4(d) and Colo. RPC 8.4(g). Moreover, following the Order of Suspension by the Colorado Supreme Court in *People v. Wright, supra*, Wright failed to give prompt notice of his suspension from the practice of law to his clients. His failure to do so constitutes a violation of C.R.C.P. 241.21(b).

### C. Lack of Cooperation with the Disciplinary Counsel

2. C.R.C.P. 241.21. **Required Action After Disbarment, Suspension, or Transfer to Disability Inactive Status:**
(a) Effective Date of Order—Winding Up Affairs. Orders imposing disbarment or suspension shall become effective thirty days after the date of entry of the order, or at such other time as the Supreme Court may order. Orders transferring a lawyer to disability inactive status shall become effective immediately upon the date of entry of the order, unless otherwise ordered by the Supreme Court. After the entry of an order of disbarment, suspension, or transfer to disability inactive status the lawyer may not accept any new retainer or employment as a lawyer in any new case or legal matter; provided, however, that during any period between the date of entry

of an order and its effective date the lawyer may, with the consent of his client after full disclosure, wind up or complete any matters pending on the date of entry of the order.
(b) Notice to Clients in Pending Matters. A lawyer against whom an order of disbarment, suspension, or transfer to disability inactive status has been entered shall promptly notify in writing by certified mail each client whom he represents in a matter still pending of the order entered against him and of his consequent inability to act as a lawyer after the effective date of such order, and advising such clients to seek legal services elsewhere. In addition, he shall deliver to each client all papers and property to which the client is entitled.

Under C.R.C.P. 241.6(7)[3] an attorney has an affirmative obligation to respond to an inquiry from the Office of Disciplinary Counsel once a Request for Investigation was filed. On six separate occasions the Office of Disciplinary Counsel made formal requests of Wright to provide information under one or more Requests for Investigation. He did not do so. In fact, Wright did not even respond to the inquiries. Wright's failure to respond to requests by the Office of Disciplinary Counsel violated C.R.C.P. 241.6(7).[4] *People v. Holmes,* 951 P.2d 477, 479 (Colo.1998)(holding that the attorney's conduct, including neglect of several matters with which he was entrusted, misrepresentations to clients regarding status of their cases ... failure to notify client that he had been suspended, and failure to respond to requests from disciplinary counsel for information regarding these matters warranted disbarment); *People v. Clyne,* 945 P.2d 1386, 1389 (Colo.1997)(holding that pursuant to attorney's conditional admission and consent, disbarment was warranted for *inter alia,* failing to perform legal services associated with fees and effectively abandoning clients, as well as repeatedly commingling attorney and client funds, having over one-hundred and fifty checks returned to the bank for insufficient funds, failing to pay third persons to which funds were due, and failure to respond to requests for investigation); *People v. Fager,* 938 P.2d 138, 141 (Colo.1997)(holding that disbarment was warranted for attorney's appearance on behalf of client while suspended, failing to communicate with clients, conviction of fraud by check, failure to deliver client funds upon request, failure to pursue matters on behalf of clients, and failure to respond to requests for investigation).

### D. ABA Standards for Imposing Lawyer Sanctions

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") disbarment is the presumed sanction under the facts of this case.

ABA *Standards* 8.1 provides in part:

Disbarment is generally appropriate when a lawyer:

(b) has been suspended for the same or similar misconduct, intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

ABA *Standards* 4.41 provides in part:

Disbarment is generally appropriate when:

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 6.11 provides in part:

Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

Wright's conduct falls under each of these subsections. Wright neglected his clients, in some cases causing serious or potentially serious harm by failing to appear in court, or failing to withdraw while under suspension. *see id.* at 8.1(b). He failed to properly represent his clients by neglecting his cases and allowing default judgment to enter and sanctions to be imposed. *see id.* at 4.41(b). Wright knowingly failed to perform services for his clients and caused serious or potentially serious injury to them. *see id.* at 4.41(b). The facts established by clear and

---

3. C.R.C.P. 241.6(7) **Grounds for Discipline:** Failure to respond to a request by the Committee without good cause shown or obstruction of the Committee or any part thereof in the performance of its duties. Good cause includes, but is not limited to, an assertion that a response would violate the respondent's constitutional privilege against self-incrimination.

4. Although Count VI alleged a violation of C.R.C.P. 241.6(7), neither the Complaint, Answer, Stipulation, nor the evidence introduced at the trial contain factual admissions which would support a violation of C.R.C.P. 241.6(7) in Count VI.

convincing evidence demonstrate a pattern of neglect with respect to Wright's clients. *see id.* at 4.41(c). Further, by entering his appearance while under suspension, and falsifying his daughter's name on a written waiver of preliminary hearing, Wright, with the intent to deceive the court, made a false statement, submitted a false document, or improperly withheld material information which had the potential for causing serious injury to his client and did cause a significant adverse effect on the legal proceeding. *see id.* at 6.11

## IV. IMPOSITION OF SANCTIONS

■ The PDJ and hearing board find that Wright's extensive pattern of neglect of client matters, his practice of law while under suspension and his submission of a false and fabricated document to the court warrants disbarment. *People v. Fritsche,* 897 P.2d 805, 807 (Colo.1995). Case law supports the PDJ and hearing board's conclusion that disbarment is warranted in the present case. *See People v. Townshend,* 933 P.2d 1327, 1329 (Colo.1997)(holding that effective abandonment of client matters while under suspension warrants disbarment); *People v. Mundis,* 929 P.2d 1327, 1331 (Colo.1996)(holding that disbarment is appropriate where attorney practiced law while under order of suspension and neglected legal matters); *People v. Jamrozek,* 914 P.2d 350, 354 (Colo.1996)(holding that disbarment was warranted where, *inter alia,* attorney accepted fees from clients then abandoned them).

■ As aggravating factors the PDJ and hearing board considered Wright's prior disciplinary offenses. Prior to the Order of Suspension in November of 1997, Wright had been previously disciplined with an admonition and two private censures. Both the suspension and the private discipline matters arose out of conduct involving neglect. *See* ABA *Standards* 9.22(a). A pattern of misconduct and multiple offenses are aggravating factors in attorney discipline proceedings with respect to analyzing the level of discipline. *see id.* 9.22(c) and (d); *People v. Bertagnolli,* 922 P.2d 935, 938 (Colo.1996). Additionally, the PDJ and hearing board considered Wright's bad faith obstruction of the

disciplinary proceeding by his intentional failure to comply with rules or orders of the disciplinary agency, *see id.* 9.22(e); his substantial experience in the practice of law; *see id.* 9.22(i), and his indifference to making restitution. *see id.* 9.22(j). As a mitigating factor the PDJ and hearing board considered Wright's remorse in the course of the proceedings. *see id.* 9.32(*l*).

## V. ORDER

It is hereby ORDERED that Lawrence A. Wright, Jr. be disbarred from the practice of law effective thirty-one days from the date of this Order. It is further ORDERED that the name of Lawrence A. Wright, Jr. be stricken from the list of attorneys authorized to practice law before the Supreme Court of the State of Colorado upon the effective date of his disbarment. It is further ORDERED that Wright shall pay the costs of these proceedings. The People shall submit an Itemization of Costs within fifteen (15) days of this Order, and Wright may submit a response thereto within ten (10) days thereafter.

In addition to those requirements set forth in C.R.C.P. 251.29(a), Wright shall be required to establish, prior to any readmission, that he has made restitution to any and all clients financially harmed by his misconduct.