**The PEOPLE of the State of Colorado, Complainant.**

v.

**Benjamin Antonio JARAMILLO, Respondent.**

**No. 99PDJ056.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Sept. 20, 2001.

## REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

A sanctions hearing pursuant to C.R.C.P. 251.15(b) was held on May 23, 2000, in this matter before the Presiding Disciplinary Judge ("PDJ") and two hearing board members, John R. Webb and Dorothy A. Radakovich, both members of the bar. Christyne A. Czarnowsky, Assistant Attorney Regulation Counsel, represented the People of the State of Colorado (the "People"). Benjamin Antonio Jaramillo ("Jaramillo"), the respondent, did not appear either in person or by counsel.[1]

The People's exhibits 1 through 12 were offered and admitted into evidence. The PDJ and Hearing Board heard testimony from the People's witnesses Terry Michael Owens, Steve Buchner, Tanya Olsen, Julie Albaugh, Santos Hernandez, Miguel Hernandez, Jr., Mark Hillman, and Deborah Ortiz, Chief Investigator of the Office of Attorney Regulation Counsel. The PDJ and Hearing Board considered the exhibits, the argument of counsel, the facts deemed admitted by the entry of default, assessed the credibility of the witnesses, made the following findings of fact which were established by clear and convincing evidence, and reached the following conclusions of law.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Jaramillo has taken and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on October 14, 1994, and is registered upon the official records of the Court, attorney registration number 24615. Jaramillo is subject to the jurisdiction of this court pursuant to C.R.C.P. 251.1(b).[2]

The Complaint in this matter was filed on March 29, 1999. Jaramillo failed to file an Answer, and default entered against him on March 1, 2000. Default was granted in part and denied in part as to the charges set forth in the Complaint. The People requested that the PDJ dismiss certain allegations.[3] By the entry of default, the facts set forth in the Complaint constitute the findings of fact upon which the conclusions of law are based.

### Count One: The Owens Matter

Terry Michael Owens ("Owens") hired Jaramillo in January 1998 to represent him con-

---

1. During the course of the hearing, Jaramillo filed via facsimile a written statement which the PDJ and Hearing Board considered only as to mitigation and aggravation. The fax was transmitted from a location within two blocks from the hearing room.

2. On February 9, 1999, Jaramillo was immediately suspended from the practice of law by the Presiding Disciplinary Judge pursuant to C.R.C.P. 251.8.5 in Case No. 99PDJ002.

3. The following charges were dismissed upon the People's motion: count one (Owens) Colo. RPC

3.4(c); count two (Buchner) Colo. RPC 8.4(d); count three (Olsen) Colo. RPC 8.4(d), Colo. RPC 8.4(h), Colo. RPC 3.3(a)(1), Colo. RPC 8.4(c); count four (Barrios) Colo. RPC 1.3, Colo. RPC 1.5(a), Colo. RPC 1.4(a), Colo. RPC 1.4(b); count five (Albaugh) Colo. RPC 1.5(a), Colo. RPC 8.4(c); count six (Cuellar) Colo. RPC 1.4(b), Colo. RPC 1.5(a), Colo. RPC 8.4(c), Colo. RPC 8.4(d); count seven (Hernandez) C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d)(as to notification) and C.R.C.P. 251.5(c); count eight (Ecton) in its entirety, and count nine (Hillman) Colo. RPC 1.5(a), Colo. RPC 1.4(a), Colo. RPC 1.4(b), Colo. RPC 1.16(d) and Colo. RPC 1.3.

cerning misdemeanor charges arising from the violation of a restraining order. Owens paid Jaramillo $1,500 as partial payment of the legal fee. Jaramillo performed initial work and appeared once on Owens' behalf at a hearing. However, Jaramillo failed to appear for three subsequent scheduled hearings. Owens attempted to contact Jaramillo but was unable to do so. The court issued a contempt citation and ordered Jaramillo to appear. Jaramillo did not do so, and the court ordered him to withdraw from the case. Owens was unable to contact Jaramillo and did not receive a refund of any portion of the advance partial fee payment. Jaramillo failed to respond to a request for investigation from the Office of Attorney Regulation Counsel.

The default entered in count one established that Jaramillo neglected Owens' legal matter in violation of Colo. RPC 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client) and that the neglect was of a sufficient magnitude to constitute abandonment. The entry of default also established that Jaramillo violated Colo. RPC 8.4(d)(conduct prejudicial to the administration of justice) by causing the court to reschedule a hearing and issue a contempt citation. Jaramillo violated Colo. RPC 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information) by failing to communicate with Owens, and he violated prior rule C.R.C.P. 241.6(7)[4] and C.R.C.P. 251.5(d)(failure to respond to a request by Attorney Regulation Counsel) by failing to respond to the Office of Attorney Regulation Counsel's request for investigation.

■ The remaining charges in count one upon which default was denied are Colo. RPC 1.4(b) and Colo. RPC 8.4(c). Colo. RPC 1.4(b) provides "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." There are no factual allegations in the Complaint, nor was there testimony at the sanctions hearing which would establish that Jaramillo failed to explain a matter to Owens in order to permit

Owens to make a decision regarding a legal matter. The PDJ and Hearing Board cannot find by a clear and convincing standard that the People have established a violation of Colo. RPC 1.4(b), and accordingly dismiss that alleged violation in count one.

■ Colo. RPC 8.4(c) provides "[i]t is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The violation of Colo. RPC 8.4(c) is based on Jaramillo's failure to "refund the unearned portion of the $1,500 paid to him in advance by Mr. Owens." Complaint at ¶ 11. However, the Complaint does not allege that Jaramillo did not earn the funds. The only facts presented regarding the $1,500 fee, either from the Complaint or testimony and evidence presented at the hearing, reflect that $1,500 was paid, Jaramillo did some work for the client, and failed to do other work which the client expected. It cannot be concluded by clear and convincing evidence from such a sparse factual record that any portion of the $1,500 was unearned. Accordingly, the PDJ and Hearing Board dismiss the alleged violation of Colo. RPC 8.4(c) in count one.

### Count Two: The Buchner Matter

Jaramillo initially represented his girlfriend in obtaining a divorce from her husband, Steve Buchner ("Buchner") and was later ordered off the case by the court. Thereafter, Jaramillo engaged in a course of conduct intended to harass Buchner. Jaramillo drove by Buchner's house in the middle of the night, made obscene gestures in front of Buchner's children, called Buchner dozens of times within a year's time frame, and made taunting remarks about his relationship with Buchner's ex-wife. He caused criminal charges to be filed against Buchner which were later dismissed. At one point, Jaramillo appeared at Buchner's home with a deputy sheriff to remove the children from the home. Buchner, believing the deputy sheriff was authorized to take the children, made them leave with the deputy sheriff and Jaramillo. Buchner learned later that the deputy sheriff was Jaramillo's friend and did

4. C.R.C.P. 241.6(7) was repealed and replaced by C.R.C.P. 251.5(d) effective January 1, 1999.

not have authorization to remove the children. Jaramillo did not respond to a request for information and failed to cooperate with the Office of Attorney Regulation Counsel's investigation.

The entry of default established a violation of prior rule C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d)(failure to respond to a request by the Regulation Counsel) based on Jaramillo's failure to cooperate with the Office of Attorney Regulation Counsel's investigation of this matter. Colo. RPC 8.4(h) is the remaining charge in count two upon which default was denied. Colo. RPC 8.4(h) provides that "[i]t is professional misconduct for a lawyer to engage in any other conduct that adversely reflects on the lawyer's fitness to practice law." A violation of Colo. RPC 8.4(h) requires proof of conduct, the totality of which establishes that the lawyer engaged in conduct which reflects that he or she lacks the personal or professional moral and/or ethical qualifications required of those authorized to practice law. Conduct involving violence, lack of honesty, violation of trust, serious interference with the administration of justice, criminal endeavors, or comparable misconduct is required to establish a violation of Colo. RPC 8.4(h). *See People v. Egbune*, No. GC98A13, slip op. at 10 (PDJ Colo.1999), 28 Colo. Law. 132, 134 (September, 1999)(holding that the attorney's conduct must be viewed in light of the totality of the circumstances to determine whether that conduct constitutes a violation of Colo. RPC 8.4(h)); *People v. Theodore*, 926 P.2d 1237, 1242–43 (Colo.1996)(holding that attorney's engaging in conduct involving dishonesty amounts to conduct that adversely reflects on his fitness to practice law); *People v. Good*, 893 P.2d 101, 104 (Colo.1995)(holding that conduct of a sexual nature with regard to a client violates prior rule DR 1–102(A)(6)). Jaramillo used a friend, a law enforcement officer, to convince Buchner he had the authority to take Buchner's children from him when, in fact, the deputy sheriff was not acting pursuant to a court order. Such misconduct during the course of an ongoing domestic proceeding constitutes serious interference with the administration of justice, reveals Jaramillo's willingness to misuse his knowledge of the legal system to the detriment of others, and reflects adversely on his fitness to practice law in violation of Colo. RPC 8.4(h).

### Count Three: The Olsen Matter

During 1996, 1997 and 1998, Jaramillo failed to timely pay child support obligations to his ex-wife, Tanya Olsen. The arrearage in Jaramillo's child support obligation amounted to as much as $21,249 during that time frame. Failure to pay child support in accordance with the orders of a court violates Colo. RPC 3.4(c)(a lawyer shall not knowingly disobey an obligation under the rules of a tribunal). Olsen was awarded $8,000 in attorney fees, which Jaramillo has failed to pay. Moreover, when the Office of Attorney Regulation Counsel contacted Jaramillo regarding the child support issue, Jaramillo failed to cooperate with their investigation in violation of C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d).

### Count Four: The Barrios Matter

The United States District Court appointed Jaramillo to represent Mauro Barrios ("Barrios") who was charged with conspiracy and drug related offenses. Jaramillo appeared on behalf of Barrios in court during the period of time his license to practice law was under administrative suspension,[5] causing the court to remove him from the case. As with the earlier counts, Jaramillo failed to cooperate with the Office of Attorney Regulation Counsel's investigation.

The entry of default established that Jaramillo violated prior rule C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d) by failing to cooperate with the Office of Attorney Regulation Counsel's investigation of this matter, and Colo. RPC 8.4(d)(engaging in conduct that is prejudicial to the administration of justice), by appearing in court while under administrative suspension requiring the court to remove him from the case.

---

5. Jaramillo's license was administratively suspended for failure to comply with continuing legal education requirements on September 16, 1998.

### Count Five: The Albaugh Matter

Julie Albaugh ("Albaugh") hired Jaramillo in September 1998 to represent her on charges of assault and burglary. She paid Jaramillo $850 as a portion of his legal fee. Jaramillo assisted Albaugh with her release from jail, obtained discovery, and appeared at her bond reduction hearing and a preliminary hearing. After September 11, 1998, however, Albaugh could not reach Jaramillo. The charges against her were eventually dismissed. Jaramillo did not cooperate in the Office of Attorney Regulation Counsel's investigation.

The entry of default established that Jaramillo violated prior rule C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d) by failing to cooperate in the investigation of this matter. The remaining claims in count five are Colo. RPC 1.4(a)(failure to communicate), Colo. RPC 1.4(b)(failure to explain a matter to the extent necessary to permit the client to make an informed decision regarding the representation) and Colo. RPC 1.3 (alleging neglect and abandonment).

Jaramillo failed to communicate with Albaugh by not returning her phone calls after September 11, 1998 in violation of Colo. RPC 1.4(a)(a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information). Colo. RPC 1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." There are no factual allegations in the Complaint nor was there testimony at the hearing which established that Jaramillo failed to explain a matter to Albaugh in order to permit her to make a decision regarding a legal matter. The PDJ and Hearing Board cannot find by a clear and convincing standard that the People have established a violation of Colo. RPC 1.4(b), and accordingly dismiss the charge of Colo. RPC 1.4(b) in count five.

Colo. RPC 1.3 provides "[a] lawyer shall act with reasonable diligence and promptness in representing a client. A lawyer shall not neglect a legal matter entrusted to that lawyer." The charge under Colo. RPC 1.3 (neglect and abandonment) is premised upon the theory that Jaramillo failed to properly represent Albaugh on and after September 11, 1998. However, Jaramillo was suspended from the practice of law on September 16, 1998, and after that date was prohibited from representing her. Even if the PDJ and Hearing Board were to assume that Jaramillo did no work on the Albaugh case between September 11 and September 16, we could not reasonably expand that assumption into an inference that Jaramillo neglected the case or abandoned the client. After September 16, Jaramillo was prevented by court order from working on Albaugh's case. Consequently, his failure to represent her after September 16 cannot provide a basis for the alleged violation of Colo. RPC 1.3, and accordingly that charge is dismissed.

### Count Six: The Cuellar Matter

Mr. Cuellar hired Jaramillo in March 1998, to represent him on felony charges. He paid Jaramillo $2,800. Jaramillo missed an initial hearing for Mr. Cuellar in March 1998, but later obtained discovery and appeared at two or three pre-trial conferences. Subsequently, however, Jaramillo failed to appear at an August 1998 hearing. Cuellar has not been able to contact Jaramillo for some time and Jaramillo has not refunded any portion of the fee paid to him. Jaramillo failed to cooperate in the Office of Attorney Regulation Counsel's investigation.

The entry of default established that Jaramillo failed to communicate with his client in violation of Colo. RPC 1.4(a) and he violated prior rule C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d) by failing to cooperate with the Office of Attorney Regulation Counsel's investigation. The entry of default also established that Jaramillo neglected Cuellar's legal matter by failing to appear at two hearings in violation of Colo. RPC 1.3. It denied default as to the allegation of abandonment. The Complaint alleges:

> 47. Mr. Cuellar hired the respondent in (sic) March 19, 1998 to represent him in a felony criminal matter. He paid an advance fee of $2,800 to the respondent.

48. The respondent missed an initial hearing for Mr. Cuellar in March 1998 but then obtained discovery (sic) appeared at two or three pre-trial conference thereafter. However, the respondent did not appear at a hearing set in August 1998.

49. Mr. Cuellar had been unable to contact the respondent for some time and the respondent has not contacted him. At the August 1998 hearing, the Judge informed Mr. Cuellar that he should obtain new counsel to represent him.

50. Mr. Cuellar continued to attempt to contact the respondent without success. He received no refund of the unearned advanced fee paid to the respondent.

■ Based on the facts set forth above, and having had no further evidence presented at the hearing, the PDJ and Hearing Board find that the People have not established that Jaramillo abandoned his client by clear and convincing evidence. *Cf. People v. Carvell,* No. 99PDJ096 (Colo. PDJ September 11, 2000), 29 Colo. Law. 137 (November 2000), 2000 Colo. Discipl. LEXIS 26, (holding that to find abandonment rather than merely neglect, there must be proof that the attorney—during a given time period—was required to accomplish specific professional tasks for the client, failed to accomplish those tasks, and failed to communicate with the client and that the proof must objectively indicate that the attorney has deserted, rejected and/or relinquished the professional responsibilities owed to the client). Although the evidence is sufficient to establish neglect, proof of abandonment requires more than just neglect combined with a failure to communicate for some unstated period of time. *Carvell* requires evidence from which it may be determined that the lawyer had deserted, rejected and/or relinquished his professional responsibilities. No such evidence may be gleaned from the skeletal factual allegations in this count. Accordingly, that portion of Colo. RPC 1.3 alleging abandonment is dismissed in count six.

## Count Seven: The Hernandez Matter

■ Santos Hernandez ("Hernandez") hired Jaramillo on August 21, 1998 to represent her son, Miguel Hernandez in a felony criminal matter. She paid him $1,500. Jaramillo told Hernandez that the $1,500 was a flat fee for handling her case. Jaramillo appeared at two initial court matters but after September 9, 1998, failed to request discovery, failed to conduct any investigation, failed to appear at three subsequent hearings, did not file a motion to withdraw, and failed to communicate with Hernandez or her son. Eventually, the court advised Hernandez to hire another lawyer, which Hernandez did, paying an additional $1,500 to replacement counsel. Jaramillo did not refund any portion of the $1,500 to Hernandez. He failed to notify Hernandez after September 16, 1998, that he was suspended from the practice of law. Jaramillo failed to cooperate in the Office of Attorney Regulation Counsel's investigation.

The entry of default established that Jaramillo violated prior rule C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d) by failing to respond to a request for information by Regulation Counsel, Colo. RPC 1.4(a)(failure to communicate) by failing to communicate with his client, and Colo. RPC 1.3(neglect of a legal matter). The Complaint also alleges that the extent of Jaramillo's neglect rises to level of abandonment. The factual allegations upon which the allegation of abandonment are founded are that Jaramillo was to appear on behalf of the client at three hearings and failed to do, he failed to investigate the client's matter or obtain discovery, and he failed to communicate with the client. Upon the court's recommendation, Hernandez obtained replacement counsel. As in the Albaugh matter, however, the cessation of activity by Jaramillo on his client's case is within days of his September 16, 1998 suspension from the practice of law. The neglect is premised upon the fact that after September 9, 1998, Jaramillo did not appear in court on behalf of Hernandez, did not request criminal discovery, failed to contact his client and failed to move to withdraw. With the exception of the failure to withdraw, the suspension order of September 16 pro-

hibited Jaramillo from performing the services upon which the neglect charge is based. Although his failure to withdraw does constitute neglect under these facts and is a violation of Colo. RPC 1.3, the existence of the suspension orders and Jaramillo's presumed compliance with them precludes any finding of abandonment.

The entry of the suspension order on September 16, 1998, prevented Jaramillo from continuing to represent Hernandez, effectively terminated the attorney/client relationship, triggered the provisions of Colo. RPC 1.16(d) and required Jaramillo to refund any advance payment of fees that had not been earned. The $1,500 flat fee arrangement agreed upon between Jaramillo and Hernandez required Jaramillo to provide professional services to Hernandez to the conclusion of his criminal trial. Jaramillo did not do so. Indeed, the suspension order precluded him from doing so. Consequently, some portion of the $1,500 flat fee payment remained unearned at the time Jaramillo was suspended and was subject to the mandatory refund provisions of Colo. RPC 1.16(d). Jaramillo's failure, upon termination, to refund the unearned portion of the advance payment of fee is a violation of Colo. RPC 1.16(d). Jaramillo knew the $1,500 was for representation through conclusion of the criminal matter, knew that after September 16, he could not continue the representation through completion, and therefore knew he retained some portion of the unearned fee. His failure to promptly refund that portion of the unearned fee to which he knew he was not entitled was knowing conversion of client funds and violates Colo. RPC 8.4(c). *See People v. Varallo*, 913 P.2d 1, 11 (1996).

The Complaint also alleges violations of Colo. RPC 1.5(a), Colo. RPC 1.4(b), and Colo. RPC 8.4(d). Colo. RPC 1.4(b) provides "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make an informed decision regarding the representation." There are no factual allegations in the Complaint nor was there testimony at the hearing which would establish that Jaramillo failed to explain a matter to Hernandez in order to permit Hernandez to make a decision regarding his legal matter.

The PDJ and Hearing Board cannot find by a clear and convincing standard that the People have established a violation of Colo. RPC 1.4(b), and accordingly dismiss the alleged violation of Colo. RPC 1.4(b) in count seven.

Colo. RPC 8.4(d) provides that it is professional misconduct to "engage in conduct prejudicial to the administration of justice." A violation of Colo. RPC 8.4(d) requires proof of some nexus between the conduct charged and an adverse effect upon the administration of justice. *People v. Johnson*, 35 P.3d 192, 194 (Colo. PDJ 1999) 29 Colo. Law. 113, 114 (February 2000)(finding a violation of Colo. RPC 8.4(d) where an attorney directly delayed and altered the course of court proceedings concerning an income assignment and thereby prejudiced the administration of justice); *People v. Wright*, 35 P.3d 153, 157 (Colo. PDJ 1999), 21 Colo. Law. 154, 155 (September 1999)(finding a violation of Colo. RPC 8.4(d) for attorney's conduct which resulted in a direct disruption of pending proceedings). No evidence was presented to establish by a clear and convincing standard that Jaramillo's conduct resulted in prejudice to the administration of justice and accordingly, the PDJ and Hearing Board dismiss the charge of Colo. RPC 8.4(d) in count seven.

Finally, the Complaint also charged Jaramillo with a violation of Colo. RPC 1.5(a)(charging an unreasonable fee) based upon the facts set forth above. No evidence was offered from which it can be determined with any precision what portion of the $1,500 Jaramillo actually earned or which would be reasonable for the services provided. Thus, although it can be determined that not all of the $1,500 was earned by virtue of the flat fee agreement and consequently some portion of the fee was subject to refund, the lack of evidence as to what services Jaramillo actually provided, the necessity of such services, or the reasonable fee for comparable services, it cannot be concluded that the fee charged by Jaramillo was unreasonable and the Colo. RPC 1.5(a) charge is dismissed.

### Count Nine: The Hillman Matter

On October 7, 1998, Mark Hillman hired Jaramillo to represent him on felony charges. Hillman paid him $2,000 as an advance fee for the representation. On October 9, 1998, Jaramillo appeared in court on behalf of Hillman. Thereafter, Jaramillo performed no additional services for Hillman, did not refund any portion of the $2,000 advance fee and did not cooperate with the investigation by the Office of Attorney Regulation Counsel.

At the sanctions hearing, the only claims remaining against Jaramillo arising from the Hillman matter were the alleged violations of Colo. RPC 8.4(c)(conduct involving dishonesty, fraud, deceit and misrepresentation), Colo. RPC 8.4(d) and violations of C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d)(failure to cooperate with Attorney Regulation Counsel). Default had already entered on the violation of C.R.C.P. 241.6(7) and C.R.C.P. 251.5(d).

The facts already established in this case reveal that Jaramillo was suspended from the practice of law on September 16, 1998. He received actual knowledge that he was suspended no later than October 14, 1998. Thus, no later than October 14, 1998, Jaramillo knew he was not entitled to any portion of the $2,000 paid by Hillman on October 7, 1998 and, because of the suspension order, could not earn those funds until the suspension order was lifted. Notwithstanding that knowledge, Jaramillo neither withdrew from Hillman's representation nor refunded the $2,000. Jaramillo's retention of the $2,000 was knowing conversion and violates Colo. RPC 8.4(c). See e.g., Varallo, 913 P.2d at 11.

Moreover, Jaramillo appeared in court on behalf of Hillman nearly three weeks after he had been suspended from the practice of law. Jaramillo entered his appearance on behalf of Hillman and appeared on his behalf at one hearing. Jaramillo was suspended from the practice of law shortly thereafter and neither informed his client nor sought to withdraw from the Hillman case. Jaramillo's failure to timely withdraw from the case following his suspension necessitated unnecessary court proceedings and was therefore prejudicial to the administration of justice, constituting a violation of Colo. RPC 8.4(d). See People v. Johnson, 35 P.3d 192, 194 (Colo. PDJ 1999), 29 COLO. LAW. 113, 114 (February 2000)(attorney violated Colo. RPC 8.4(d) by directly delaying and altering the course of court proceedings concerning an income assignment and thereby prejudiced the administration of justice); People v. Wright, 35 P.3d 153, 157 (Colo. PDJ 1999), 21 COLO. LAW. 154, 155 (September 1999)(attorney's conduct resulted in a direct disruption of pending proceedings and thus violated Colo. RPC 8.4(d)).

### III. ANALYSIS OF DISCIPLINE

The Supreme Court in Varallo, 913 P.2d 1, 11 (Colo.1996), held:

Knowing misappropriation [for which the lawyer is almost invariably disbarred] "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." In re Noonan, 102 N.J. 157, 160, 506 A.2d 722 (1986). Misappropriation includes "not only stealing, but also unauthorized temporary use for the lawyer's own purpose, whether or not he derives any personal gain or benefit therefrom." In re Wilson, 81 N.J. 451, 455 n. 1, 409 A.2d 1153 (1979).

The PDJ and Hearing Board found that Jaramillo's retention of some portion of the Hernandez funds and the $2,000 of Hillman's funds was knowing conversion. See Varallo, 913 P.2d at 11; People v. Silvola, 915 P.2d 1281, 1284 (Colo.1996)(finding that misconduct that occurred over an extended period of time must be deemed to be willful); People v. Singer, 897 P.2d 798, 801 (Colo.1995)(holding that extensive and prolonged neglect is considered willful misconduct). Disbarment is the presumed sanction for knowing conversion, barring significant factors in mitigation. See People v. Coyne, 913 P.2d 12, 14 (Colo.1996), citing People v. Young, 864 P.2d 563, 564 (Colo.1993). Jaramillo's knowing conversion, standing alone, would warrant disbarment. See ABA Stan-

*dards for Imposing Lawyer Sanctions* (1991 & Supp.1992) ("ABA *Standards*") § 4.11 (stating that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client); *In re Cleland,* 2 P.3d 700 (Colo.2000)(attorney disbarred for, among other rule violations, knowingly misappropriating client funds); *In re Thompson,* 991 P.2d 820 (Colo.1999)(holding that disbarment is the presumptive sanction for misappropriating approximately $15,000 in funds he had received from clients); *People v. Townshend,* 933 P.2d 1327 (Colo.1997)(attorney disbarred for accepting retainers from two clients and then effectively abandoning their matters).

Additionally, Jaramillo neglected three client matters (Owens, Cuellar, Hernandez). Significantly, in the Owens matter, his neglect rose to the level of abandonment. *See* ABA *Standard* 4.41(a)(providing that disbarment is generally appropriate when a lawyer abandons the practice and causes serious or potentially serious injury to a client); ABA *Standard* 4.41(b)(stating that disbarment is warranted where a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client). Jaramillo's actions resulted in serious or potentially serious private harm to at least three clients: in the Buchner matter, Jaramillo's inappropriate conduct during the course of domestic proceedings negatively impacted the resolution of those proceedings, and in the Albaugh and Hernandez matters, the clients were forced to hire another attorney to complete the proceedings at an additional cost.

In four matters (Owens, Albaugh, Cuellar, and Hernandez), Jaramillo failed to communicate with his clients and failed to promptly comply with reasonable requests for information, in three matters (Owens, Barrios, Hillman) Jaramillo's conduct resulted in prejudice to the administration of justice. In one matter (Olsen), Jaramillo knowingly disobeyed the rules of a tribunal, and in all eight matters, Jaramillo failed to respond to a request for information from the Attorney Regulation Counsel. These additional rule violations support a finding that disbarment is warranted. *See* ABA *Standard*

4.41(c)(stating that disbarment is generally appropriate when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client); *People v. Murray,* 887 P.2d 1016, 1021 (Colo.1994)(lawyer disbarred for knowingly failing to perform services for clients in ten separate matters constituting a pattern of neglect and causing potentially serious harm to clients); *People v. Dulaney,* 785 P.2d 1302, 1306 (Colo.1990)(lawyer disbarred for chronic neglect of client matters and use of deceit to cover the neglect).

The PDJ and Hearing Board considered aggravating factors pursuant to ABA *Standards* 9.22. In aggravation, Jaramillo had a dishonest or selfish motive, *see id.* at 9.22(b); he engaged in a pattern of serious misconduct, *see id.* at 9.22(c); he committed multiple offenses, *see id.* at 9.22(d), and he engaged in obstruction of the disciplinary proceeding by failing to comply with requests for information from the Office of Attorney Regulation Counsel, *see id.* at 9.22(e). The PDJ and Hearing Board also find that Jaramillo, by failing to respond to the eight investigations giving rise to this disciplinary matter, and failing to appear at this hearing, has demonstrated, as he did by not appearing at his previous suspension hearing, a flagrant disregard for the law and the attorney regulation system. *See People v. Williams,* 845 P.2d 1150, 1152 (Colo.1993)(disbarring the attorney for abandoning one client and failing to return a $500 retainer and the client's file, considering as aggravation the attorney's complete disregard for the disciplinary proceeding). Additionally, Jaramillo has a history of prior discipline, *see id.* at 9.32(a): he was suspended for one year and one day effective March 12, 1999, for driving without insurance, driving while his license was under restraint, leaving the scene of an accident and failing to comply with a court order regarding his child support obligations.

With regard to factors in mitigation which may be considered by the PDJ and Hearing Board pursuant to ABA *Standard* 9.32, the document filed by Jaramillo via facsimile in the course of the hearing does not set forth any meritorious factors in

mitigation other than to state that his life "fell apart." Jaramillo states that he does not object to paying restitution to Owens, Albaugh and Cuellar, and acknowledges that his conduct rendered an injustice to Albaugh and Hernandez. Considering the extent of Jaramillo's misconduct, his statement in mitigation does not set forth sufficient grounds to lessen the sanction of disbarment.

### IV. ORDER

It is therefore ORDERED:

1. BENJAMIN ANTONIO JARAMILLO, attorney registration number 24615 is DISBARRED from the practice of law effective thirty-one days from the date of this Order and his name shall be stricken from the roll of attorneys authorized to practice law in the State of Colorado;

2. As a condition of readmission, Jaramillo must establish that he has refunded and paid restitution, including interest at the statutory rate, from the date he received the funds, to the following individuals:

| | |
|---|---|
| Terry Michael Owens | $1,500 |
| Tanya Olsen | $8,000 (attorneys' fees) |
| Julie Albaugh | $ 850 |
| Santos Hernandez | $1,500 |
| Mark Hillman | $2,000 |

3. Jaramillo is Ordered to pay the costs of these proceedings; the People shall submit a Statement of Costs within ten (10) days of the date of this Order. Respondent shall have five (5) days thereafter to submit a response thereto.